Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(**pro hac vice** application forthcoming)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(**pro hac vice** application forthcoming)
Matthew H. Morgan, MN State Bar No. 304657
Morgan@nka.com
(**pro hac vice** application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Jennifer Mead, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>                                    Plaintiff,<br><br>v.<br><br>Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc., and Retail Store Services, LLC,<br><br>                                    Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1)  Violations of Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.**<br><br>**(2)  Overtime Violations (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))**<br><br>**(3)  Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>**(4)  Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**<br><br>**(5)  Violation of California Business and Professions Code Sections 17200 et seq.**<br><br><br>**DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1.     This is a collective and class action brought by Individual and Representative Plaintiff Jennifer Mead on her own behalf and on behalf of the proposed class identified below ("Plaintiffs").  Plaintiffs were or are employed by Defendants Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc. and Retail Store Services, LLC.  Plaintiffs were or are employed as "Merchandising Representatives," "Merchandising Sales Representatives" or some similar title, and were required to, among other things, receive and display marketing and promotional materials for various products sold at stores like Home Depot.  Plaintiffs were either misclassified as exempt and therefore erroneously denied overtime, or not paid for all of the time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by state and federal wage and hour laws.  These employees are similarly situated under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.     The Collective Class (FLSA) is made of all persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Merchandising Sales Representatives" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, or not paid for all time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3.     The Class (Rule 23) is made up of persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Marketing Sales Representatives" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime, or not paid for all time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by state wage and hour laws, within the State of California within the period four years prior to the filing date of this Complaint ("the Class Period").

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

4.      During the Collective Class Period and the Class Period, Defendants failed to pay overtime compensation to each member of the Class as required by state and federal law. Plaintiff seeks relief for the Class pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"). Plaintiff also seeks relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages due, pay appropriate overtime compensation, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

5.      Individual and representative Plaintiff Jennifer Mead resides in Santa Clara County, California.  She was employed by Defendants from approximately April 2004 to May 2007 as a merchandising representative covering certain parts of the northern California region. Plaintiff Mead brings her claims on behalf of herself and the Collective and California Classes.

6.      Upon information and belief, Defendant Advantage Sales & Marketing, LLC, is a California limited liability company doing business, and maintaining offices, in states throughout the United States, including California.  Upon information and belief, Defendant Advantage Sales & Marketing, LLC does business as Retail Store Services.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

7.      Upon information and belief, Defendant Advantage Sales & Marketing, Inc., is a California corporation doing business, and maintaining offices, in states throughout the United States, including California.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

8.      Upon information and belief, Defendant Retail Store Services, LLC, is a Delaware limited liability company doing business, and maintaining offices, in states throughout the United States, including California.  Upon information and belief, Defendant Retail Store Services, LLC is wholly-owned by Defendant Advantage Sales & Marketing, LLC or Defendant Advantage Sales & Marketing, Inc.  Defendant Retail Store Services, LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1

**JURISDICTION AND VENUE**

2       9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this

3   case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* The representative Plaintiff has

4   signed a consent form to join this lawsuit, a copy of which is attached as **Exhibit A**. This Court

5   has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6       10.     Venue is proper in the United States District Court, Northern District of California

7   pursuant to 28 U.S.C. § 1391, because Defendants conduct business in such District, and because

8   a substantial part of the events giving rise to the claims occurred in this District.

9       11.     Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the

10  Northern District of California because a substantial portion of the events giving rise to this

11  dispute occurred in such District.

12

**COLLECTIVE ACTION ALLEGATIONS**

13      12.     Plaintiff Mead brings this action on behalf of herself and other similarly situated

14  employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The employees similarly

15  situated are:

16      **Collective Class**:    All persons who are or have been employed by Defendants with the

17                              job title of "Merchandising Representative," "Merchandising Sales

18                              Representative" or some similar title, who were either misclassified

19                              as exempt, and therefore erroneously denied overtime

20                              compensation as required by federal wage and hour laws, or not

21                              paid for all time they suffered or permitted to work for Defendants

22                              and therefore erroneously denied overtime compensation as

23                              required by federal wage and hour laws, at any time within the

24                              United States within three years prior to this action's filing date

25                              through the date of final disposition of this action.

26      13.     Upon information and belief, Defendants suffered and permitted Plaintiff Mead

27  and the Collective Class to work more than forty hours per week without overtime compensation.

28      14.     Defendants' unlawful conduct has been widespread, repeated and consistent.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

15.     Upon information and belief, Defendants knew that Plaintiff Mead and the Collective Class performed work that required overtime pay.

16.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Mead and the Collective Class.

17.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff Mead and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Upon information and belief, those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed Class:**     All persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Merchandising Sales Representative" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime compensation, or not paid for all time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by state wage and hour laws, within the State of California within the period four years prior to the filing date of this Complaint.

19.     <u>Numerosity</u>:    The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiff Mead is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed at least 75 people who satisfy the definition of the Proposed Class.

20.     <u>Typicality</u>:    Plaintiff Mead's claims are typical of the members of the Proposed Class.   Plaintiff Mead is informed and believes that, during the Class Period, like other

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

merchandising representatives who were misclassified as exempt, or simply not paid for all the time they suffered or permitted work to Defendants, she routinely worked more than eight hours per day and more than 40 hours per week. Plaintiff Mead had the same duties and responsibilities as other Class members. Plaintiff Mead was subject to Defendants' policies and practices of improperly treating and classifying employees in these positions as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation, and failing to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals.

21.    Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Prosecuting a host of identical, individual lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

22.    Adequacy:    Plaintiff will fairly and adequately protect the interests of the Proposed Class, and she has retained counsel experienced in complex, nationwide wage and hour class and collective action litigation.

23.    Commonality: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

        A.    Whether Defendants improperly classified the members of the Proposed Class as exempt;

        B.    Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws;

        C.    Whether Defendants employed Plaintiff Mead and the Proposed Class within the meaning of the applicable state laws;

        D.    Whether Plaintiff Mead and the Proposed Class' members who are no longer

1    employed with Defendants are entitled to waiting time penalties pursuant to

2    the applicable state laws;

3    E.    Whether Defendants failed to keep accurate time records for all hours

4    worked by Plaintiff Mead and the Proposed Class in violation of state wage

5    laws;

6    F.    Whether Defendants provided adequate itemized wage statements to Plaintiff

7    Mead and the Proposed Class pursuant to state wage laws;

8    G.    The proper measure of damages sustained by the Proposed Class; and

9    H.    Whether Defendants' actions were "willful."

10    24.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

11    prosecution of actions by or against individual members of the class would result in inconsistent

12    or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

13    Further, adjudication of each individual member's claim as a separate action would be dispositive

14    of the interest of other individuals not party to this action, impeding their ability to protect their

15    interests.

16    25.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

17    questions of law and fact common to the Proposed Class predominate over any questions

18    affecting only individual members of the Proposed Class, and because a class action is superior to

19    other available methods for the fair and efficient adjudication of this litigation.  Defendants'

20    common and uniform policies and practices denied the Proposed Class the overtime pay to which

21    they are entitled.  The damages suffered by the individual Proposed Class members are small

22    compared to the expense and burden of individual prosecution of this litigation.  In addition, class

23    certification is superior because it will obviate the need for unduly duplicative litigation that

24    might result in inconsistent judgments about Defendants' practices.

25    26.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent

26    required by Rule 23.  Upon information and belief, the names and address of the Proposed Class

27    are available from Defendants.

28

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1

## FIRST CLAIM FOR RELIEF

2

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

3      27.    Plaintiffs allege and incorporate by reference the allegations in the preceding

4    paragraphs.

5      28.    Plaintiff Mead consents in writing to be a part of this action, pursuant to 29 U.S.C.

6    § 216(b).  Such written consent form is attached hereto.  Plaintiff Mead anticipates that as this

7    case proceeds, other individuals will sign consent forms and join as plaintiffs.

8      29.    At all relevant times, Defendants have been, and continue to be, an "employer"

9    engaged in interstate commerce and/or in the production of goods for commerce, within the

10    meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and

11    continue to employ employees, like Plaintiff Mead and the Collective Class.

12      30.    The FLSA requires each covered employer such as Defendants to compensate all

13    non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

14    work performed in excess of forty hours per work week.

15      31.    During their employment with Defendants, within the applicable statute of

16    limitations, Plaintiffs worked in excess of forty hours per workweek without overtime

17    compensation.  Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in

18    knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them

19    overtime compensation.

20      32.    By failing to accurately record, report, and/or preserve records of hours worked by

21    Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its

22    employees sufficient to determine their wages, hours, and other conditions and practice of

23    employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

24      33.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

25    within the meaning of 29 U.S.C. § 255(a).

26      34.    Plaintiffs seek damages in the amount of their respective unpaid overtime

27    compensation, liquidated damages from three years immediately preceding the filing of this

28

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1   action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a),

2   and such other legal and equitable relief as the Court deems just and proper.

3        35.    Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants,

4   as provided by the FLSA, 29 U.S.C. § 216(b).

5                          **SECOND CLAIM FOR RELIEF**

6        **(Failure to Pay Overtime Compensation in Violation of California Law)**

7        36.    Plaintiffs allege and incorporate by reference the allegations in the preceding

8   paragraphs.

9        37.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and

10  California Labor Code § 510 required employers, such as Defendants, to pay overtime

11  premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on

12  the seventh day worked in a single workweek.  Pursuant to California Labor Code § 1198, it is

13  unlawful to employ persons for hours longer than the hours set by the Industrial Welfare

14  Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

15       38.    Plaintiff Mead is informed and believes, and thereon alleges, that members of the

16  Class worked in excess of eight hours per day and in excess of 40 hours per week, and

17  Defendants unlawfully failed to pay members of the Class the overtime required in violation of

18  IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198.

19  Pursuant to California Labor Code § 1194, Plaintiff Mead and the other Class Members are

20  entitled to recover their unpaid overtime compensation.

21       39.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

22  herein, Plaintiff Mead and the Class have sustained damages, including loss of earnings for hours

23  of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest,

24  attorneys' fees and costs.

25                          **THIRD CLAIM FOR RELIEF**

26                          **(Waiting Time Penalties)**

27       40.    Plaintiffs allege and incorporate by reference the allegations in the preceding

28  paragraphs.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

41.     During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendants.  Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

42.     Under Labor Code sections 201, 202, and 203, those Class Members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

**FOURTH CLAIM FOR RELIEF**

**(Failure to Provide Accurate Itemized Wage Statements)**

43.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.  California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

45.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Mead and the Class in accordance with Labor Code § 226(a).  Such failure caused injury to Plaintiff Mead and the Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled.  Plaintiff Mead and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e).  Pursuant to Labor Code section 226(g), Plaintiff Mead and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1

**FIFTH CLAIM FOR RELIEF**

2

**(Unfair Practice under the Unfair Competition Act)**

3         46.    Plaintiff alleges and incorporates by reference the allegations in the preceding

4    paragraphs.

5         47.    Section 17200 of the California Business and Professions Code — California's

6    Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful

7    or unfair business acts or practices.  The foregoing conduct by Defendants, as alleged, constitutes

8    unlawful business actions and practices in violation of Section 17200, *et seq.*

9         48.    Members are entitled to restitution of the overtime earnings and other unpaid

10   wages and premiums alleged herein that Defendants have improperly withheld and retained

11   during a period that commences four years prior to the filing of this action, a permanent

12   injunction requiring Defendants to pay overtime to all workers as defined herein, in California, an

13   award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable

14   law, and costs.

15

**PRAYER FOR RELIEF**

16         49.    WHEREFORE, Plaintiffs pray for relief as follows:

17              A.    Designation of this action as a collective action on behalf of the nationwide

18                   Collective Class and prompt issuance of notice pursuant to 29 U.S.C. §

19                   216(b) to all similarly situated members of the nationwide Collective Class

20                   apprising them of the pendency of this action, and permitting them to assert

21                   timely FLSA claims in this action by filing individual consent forms

22                   pursuant to 29 U.S.C. § 216(b);

23              B.    Judgment against Defendants for an amount equal to Plaintiff Mead and the

24                   Collective Class's unpaid back wages at the applicable overtime rate;

25              C.    That Defendants are found to have violated the FLSA by failing to

26                   maintain accurate time records of all the hours worked by Plaintiffs;

27              D.    That Defendants' violations of the FLSA are found to be willful;

28              E.    An equal amount to the overtime damages as liquidated damages;

-11-

F.    An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and/or other applicable state laws;

G.    An award of prejudgment interest;

H.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.    Leave to amend additional state law claims by motion;

J.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

K.    That Defendants are found to have violated the overtime, itemized wage statement/time records, and waiting time penalty provisions of the state wage laws cited above as to the California Class identified above;

L.    That Defendants be ordered and enjoined to pay restitution to Plaintiff Mead and the Proposed Class due to Defendants' unlawful activities, pursuant to state laws cited above;

M.    That Defendants further are enjoined to cease and desist from unlawful activities in violation of state laws cited above; and

N.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **JURY DEMAND**

50.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    Dated: October __, 2007

2    _____

     **NICHOLS KASTER & ANDERSON, LLP**
3    Matthew C. Helland, CA State Bar No. 250451
     Helland@nka.com
     One Embarcadero Center
4    Ste. 720
     San Francisco, CA 94111
5    Telephone: 415-277-7235
     Facsimile: 415-277-7238
6
     **NICHOLS KASTER & ANDERSON, PLLP**
7    Donald H. Nichols, MN State Bar No. 78918
     Nichols@nka.com
8    (**pro hac vice** application forthcoming)
     Paul J. Lukas, MN State Bar No. 22084X
9    Lukas@nka.com
     (**pro hac vice** application forthcoming)
10   Matthew H. Morgan, MN State Bar No. 304657
     Morgan@nka.com
11   (**pro hac vice** application forthcoming)
     4600 IDS Center
12   80 S. 8th Street
     Minneapolis, MN 55402
13   Telephone: 612-256-3200
     Facsimile: 612-215-6870

14
     ATTORNEYS FOR PLAINTIFFS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF