```
 1  BRIDGES & BRIDGES
    HAROLD A. BRIDGES, SBN 93560
 2  MAJ-LE TATE BRIDGES, SBN 179522
    466 Foothill Blvd, #394
 3  La Canada, California  91011
    Tel: (626) 304-2836; Fax: (626) 628-0465
 4  drew@bridges-law.com
    majle@bridges-law.com
 5
    Attorneys for Defendants
 6  ADVANTAGE SALES & MARKETING INC.,
    ADVANTAGE SALES & MARKETING LLC, and
 7  RETAIL STORE SERVICES LLC
 8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER MEAD, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>ADVANTAGE SALES & MARKETING LLC; ADVANTAGE SALES & MARKETING INC., and RETAIL STORE SERVICES LLC,<br><br>    Defendants. | Case No: C-07-5239-SI<br><br>**ANSWER OF DEFENDANTS ADVANTAGE SALES & MARKETING INC., ADVANTAGE SALES & MARKETING LLC, AND RETAIL STORE SERVICES LLC TO COMPLAINT** |

Defendants ADVANTAGE SALES & MARKETING INC. ("Defendant ASM INC."), ADVANTAGE SALES & MARKETING LLC ("Defendant ASM LLC"), and RETAIL STORE SERVICES LLC ("Defendant RSS LLC") (collectively, "Defendants") for themselves alone and no other defendant, hereby answer and plead in response to the Complaint for Damages, Restitution and Injunctive Relief ("Complaint") of Plaintiff JENNIFER MEAD ("Plaintiff") as follows:

### ANSWER TO "PRELIMINARY STATEMENT"

1. Answering Paragraph 1, Defendants admit that Plaintiff was employed by Defendant RSS LLC as a merchandising representative. Defendants further admit that Plaintiff's job responsibilities included receiving and displaying marketing and promotional materials for certain products sold at home improvement stores. Except as so admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 1.

2. Answering Paragraph 2, Defendants deny, generally and specifically, each and every allegation contained therein.

3. Answering Paragraph 3, Defendants deny, generally and specifically, each and every allegation contained therein.

4. Answering Paragraph 4, Defendants deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "THE PARTIES"

5. Answering Paragraph 5, first sentence, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's residency, and on that basis deny each and every allegation contained in said sentence. Answering the second sentence of Paragraph 5, Defendants admit that Plaintiff was employed by Defendant RSS LLC as a merchandising representative from October 1, 2005 through May 4, 2007, and that she worked in parts of northern California. Except as so admitted or denied based on lack of information and belief, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6, Defendants admit that Defendant ASM LLC is a California limited liability company. Defendants further admit that Defendant ASM LLC conducts business and has offices in various states, including California. Defendants further admit that Defendant ASM LLC is an "employer" within the definition set forth in 29 U.S.C. section 203(d). Except as specifically admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7, Defendants admit that Defendant ASM INC. is a California corporation with an office in California. Except as so admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 7.

8. Answering Paragraph 8, Defendants admit that Defendant RSS LLC is a Delaware limited liability company doing business in various states, including California, and is principally located in California. Defendants further admit that Defendant RSS LLC is an "employer" within the definition set forth in 29 U.S.C. section 203(d). Defendants further admit that Defendant RSS LLC is a wholly-owned subsidiary of Defendant ASM LLC. Except as specifically admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 8.

### ANSWER TO "JURISDICTION AND VENUE"

9. Answering Paragraph 9, Defendants admit that the Court has subject matter jurisdiction over Fair Labor Standards Act ("FLSA") claims. Defendants further admit that the Complaint they received contained an attachment "A" identified in part as a "Plaintiff Consent Form." Regarding the last sentence of Paragraph 9, supplemental jurisdiction over alleged state-law claims is a matter for the Court, in its discretion, to determine. Except as specifically admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 9.

10. Answering Paragraph 10, Defendants admit that, with respect to Plaintiff's FLSA allegations as against Defendant RSS LLC, venue is proper in the United States District Court,

1 | Northern District of California. Except as specifically admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 10.

11. Answering Paragraph 11, Defendants admit that, with respect to Plaintiff's FLSA allegations as against Defendant RSS LLC, venue is proper in the Northern District of California. Except at specifically admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained in Paragraph 11.

### ANSWER TO "COLLECTIVE ACTION ALLEGATIONS"

12. Answering Paragraph 12, Defendants deny, generally and specifically, each and every allegation contained therein.

13. Answering Paragraph 13, Defendants deny, generally and specifically, each and every allegation contained therein.

14. Answering Paragraph 14, Defendants deny, generally and specifically, each and every allegation contained therein.

15. Answering Paragraph 15, Defendants deny, generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 16, Defendants deny, generally and specifically, each and every allegation contained therein.

17. Answering Paragraph 17, Defendants deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "CLASS ACTION ALLEGATIONS"

18. Answering Paragraph 18, Defendants deny, generally and specifically, each and every allegation contained therein.

19. Answering Paragraph 19, Defendants deny, generally and specifically, each and every allegation contained therein.

20. Answering Paragraph 20, Defendants deny, generally and specifically, each and every allegation contained therein.

21. Answering Paragraph 21, Defendants deny, generally and specifically, each and every allegation contained therein.

22. Answering Paragraph 22, Defendants deny, generally and specifically, each and every allegation contained therein.

23. Answering Paragraph 23, including all subparts thereof, Defendants deny, generally and specifically, each and every allegation contained therein.

24. Answering Paragraph 24, Defendants deny, generally and specifically, each and every allegation contained therein.

25. Answering Paragraph 25, Defendants deny, generally and specifically, each and every allegation contained therein.

26. Answering Paragraph 26, first sentence, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's intent to provide any notice, and on that basis deny each and every allegation contained in said sentence, as well as specifically denying any authority or legal or factual basis to provide such "notice." Respecting the second sentence of Paragraph 26, Defendants admit that Defendant RSS LLC maintains the names and addresses of current employees and some former employees. Except as specifically admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 26.

### ANSWER TO "FIRST CLAIM FOR RELIEF"

27. Answering Paragraph 27, Defendants allege and incorporate by reference their answers to the preceding paragraphs.

28. Answering Paragraph 28, Defendants admit that the Complaint they received contained an attachment "A" identified in part as a "Plaintiff Consent Form." Except as specifically admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29, Defendants admit that Defendant ASM LLC and Defendant RSS LLC are "employers" within the definition set forth in 29 U.S.C. section 203(d).

1  Defendants further admit that Defendant RSS LLC employed Plaintiff from October 1, 2005 to
2  May 4, 2007, and others, and Defendant ASM LLC has employed persons. Except as
3  specifically admitted, Defendants deny, generally and specifically, each and every allegation
4  contained in Paragraph 29.

5      30.    Answering Paragraph 30, the FLSA speaks for itself. Accordingly, Defendants
6  deny, generally and specifically, each and every allegation contained in Paragraph 30.

7      31.    Answering Paragraph 31, Defendants deny, generally and specifically, each and
8  every allegation contained therein.

9      32.    Answering Paragraph 32, Defendants deny, generally and specifically, each and
10 every allegation contained therein.

11     33.    Answering Paragraph 33, Defendants deny, generally and specifically, each and
12 every allegation contained therein.

13     34.    Answering Paragraph 34, Defendants deny, generally and specifically, that
14 Plaintiff has been or will be damaged in the amounts alleged, in any other amount, or at all.
15 Defendants further deny, generally and specifically, that the elements of relief sought are
16 available to Plaintiff on the claims alleged. Accordingly, Defendants deny, generally and
17 specifically, each and every allegation contained in Paragraph 34.

18     35.    Answering Paragraph 35, Defendants deny Plaintiff's entitlement to fees and
19 costs and accordingly deny, generally and specifically, each and every allegation contained in
20 Paragraph 35.

21 **ANSWER TO "SECOND CLAIM FOR RELIEF"**

22     36.    Answering Paragraph 36, Defendants allege and incorporate by reference their
23 answers to the preceding paragraphs.

24     37.    Answering Paragraph 37, IWC Wage Order number 4 and California Labor Code
25 sections 510 and 1198 speak for themselves. Accordingly, Defendants deny, generally and
26 specifically, each and every allegation contained in Paragraph 37.

27
28

38. Answering Paragraph 38, Defendants deny, generally and specifically, each and every allegation contained therein.

39. Answering Paragraph 39, Defendants deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "THIRD CLAIM FOR RELIEF"

40. Answering Paragraph 40, Defendants allege and incorporate by reference their answers to the preceding paragraphs.

41. Answering Paragraph 41, Defendants deny, generally and specifically, each and every allegation contained therein.

42. Answering Paragraph 42, Defendants deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "FOURTH CLAIM FOR RELIEF"

43. Answering Paragraph 43, Defendants allege and incorporate by reference their answers to the preceding paragraphs.

44. Answering Paragraph 44, California Labor Code section 226(a) speaks for itself. Accordingly, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 44.

45. Answering Paragraph 45, Defendants deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "FIFTH CLAIM FOR RELIEF"

46. Answering Paragraph 46, Defendants allege and incorporate by reference their answers to the preceding paragraphs.

47. Answering Paragraph 47, California Business and Professions Code section 17200 speaks for itself. Defendants deny, generally and specifically, each and every allegation contained in Paragraph 47.

48. Answering Paragraph 48, Defendants deny, generally and specifically, each and every allegation contained therein.

## ANSWER TO "PRAYER FOR RELIEF"

49. Answering Paragraph 49 - the "Prayer for Relief," including all subparts thereof, Defendants deny, generally and specifically, that Plaintiff has been or will be damaged in the amounts alleged, in any other amount, or at all. Defendants further deny, generally and specifically, that the elements of relief sought are available to Plaintiff on the claims alleged. Accordingly, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 49.

## ANSWER TO "JURY DEMAND"

50. Answering Paragraph 50, to the extent that any answer is required, if at all, Defendants admit that the Complaint contains a demand for jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(No Claim)

51. As a first and separate affirmative defense, Defendants allege that the Complaint, including each and every purported cause of action contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

52. As a second and separate affirmative defense, and merely for purposes of stating this defense without admission that any damage has been sustained, Defendants allege that Plaintiff has an adequate remedy at law, so that equitable, declaratory, or injunctive relief would not be appropriate.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

53. As a third and separate affirmative defense, Defendants allege that Plaintiff is estopped from pursuing the claims in the Complaint by reason of her own actions and course of conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

54. As a fourth and separate affirmative defense, Defendants allege that Plaintiff is barred from pursuing the claims in the Complaint by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

55. As a fifth and separate affirmative defense, Defendants allege that the Complaint is barred because any recovery from Defendants would result in Plaintiff's unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

56. As a sixth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation including, but not limited to, 29 U.S.C. section 255 (2 years for FLSA actions; 3 years if violation is willful); California Code of Civil Procedure section 338(a) (3 years for Labor Code violations), California Code of Civil Procedure section 340(a) (1 year for penalty claims), California Business and Professions Code section 17208 (4 years for unfair competition claim).

## SEVENTH AFFIRMATIVE DEFENSE

### (No Class/Collective Action, No Standing)

57. As a seventh and separate affirmative defense, Defendants allege that the Complaint is not proper for treatment as a class action or collective action; Plaintiff therefore lacks standing to represent the individuals she purports to represent.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Standing Under UCL Act or for Penalties)

58. As an eighth and separate affirmative defense, Defendants allege that Plaintiff, as a private litigant, lacks standing to bring a claim for damages under California Business and Professions Code section 17200 or for penalties under the California Labor Code.

### NINTH AFFIRMATIVE DEFENSE

### (Payment)

59. As a ninth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part to the extent that Defendants have paid her all money due.

### TENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

60. As a tenth and separate affirmative defense, Defendants allege that any alleged "off the clock" work by Plaintiff was *de minimis* and thus not compensable.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

61. As an eleventh and separate affirmative defense, and merely for purposes of stating this defense without admission that any damage has been sustained, Defendants allege that they are entitled to an offset against any relief claimed by Plaintiff for wages Defendants have paid Plaintiff and purported class members for time not worked or that otherwise is not required under state and/or federal law.

### TWELFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

62. As a twelfth and separate affirmative defense, Defendants allege that the Complaint, and each claim for relief contained therein, is barred by the doctrine of *res judicata* to the extent that any member of the purported class pursued and resolved to final judgment any claim alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

63. As a thirteenth and separate affirmative defense, and merely for purposes of stating this defense without admission of any violation of law, Defendants allege that any violation of the California Labor Code or the FLSA was an act or omission made in good faith,

and Defendants had reasonable grounds for believing that the act or omission was not a violation of law, such that liquidated damages or other penalties would be inappropriate.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Not Willful)

64.  As a fourteenth and separate affirmative defense, and merely for purposes of stating this defense without admission of any violation of law, Defendants allege that any failure to pay wages or overtime was not willful and therefore the Complaint fails to state a claim for penalties under the California Labor Code, for a three-year limitations period under the FLSA, or for liquidated damages under the FLSA.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Exhaustion)

65.  As a fifteenth and separate affirmative defense, Defendants allege that, to the extent that Plaintiff requests statutory penalties under the California Labor Code, Plaintiff is barred from recovering such penalties because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit under the California Labor Code Private Attorneys General Act of 2004. *Cal. Lab. Code* § 2699, *et. seq.*

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Join Indispensable Party)

66.  As a sixteenth and separate affirmative defense, Defendants allege that Plaintiff's claims fail in whole or in part due to Plaintiff's failure to join an indispensable party.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Conduct of Others)

67.  As a seventeenth and separate affirmative defense, Defendants allege that the conduct of Plaintiff or persons and/or entities other than Defendants herein caused or contributed to the loss, injury and damages, if any, alleged in the Complaint, thereby barring or reducing Plaintiff's recovery as against Defendants.

## PRAYER

68. WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

    A.    That certification as a collective action under the FLSA be denied;

    B.    That class certification be denied;

    C.    That Plaintiff takes nothing by reason of her Complaint;

    D.    That the Complaint be dismissed in its entirety with prejudice;

    E.    That judgment be entered for Defendants;

    F.    That Defendants be awarded their reasonable costs and attorneys' fees; and

    G.    That Defendants be awarded such other and further relief as the Court deems just and proper.

DATED: November 6, 2007        BRIDGES & BRIDGES

By: /s/ Harold A. Bridges

HAROLD A. BRIDGES
Attorneys for Defendants ADVANTAGE SALES & MARKETING INC., ADVANTAGE SALES & MARKETING LLC, and RETAIL STORE SERVICES LLC