Counsel listed on next page

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jennifer Mead, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiff,<br><br>v.<br><br>Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc., and Retail Store Services, LLC,<br><br>Defendants. | **Case No.: C-07-5239-SI**<br><br>**JOINT CASE MANAGEMENT STATEMENT, FRCP 26(F) REPORT AND [PROPOSED] ORDER**<br><br>Date: January 18, 2008<br>Time: 2:00 p.m.<br>Judge: Hon. Susan Illston<br><br>Date Action Filed: October 12, 2007 |

1  
2  Matthew C. Helland, CA State Bar No. 250451  
   Helland@nka.com  
3  NICHOLS KASTER & ANDERSON, LLP  
   One Embarcadero Center, Ste. 720  
4  San Francisco, CA 94111  
   Telephone: 415-277-7235  
   Facsimile: 415-277-7238  
5  
   Donald H. Nichols, MN State Bar No. 78918*  
6  Nichols@nka.com  
   Paul J. Lukas, MN State Bar No. 22084X*  
7  Lukas@nka.com  
   Matthew H. Morgan, MN State Bar No. 304657*  
8  Morgan@nka.com  
   NICHOLS KASTER & ANDERSON, PLLP  
   4600 IDS Center  
9  80 S. 8th Street  
   Minneapolis, MN 55402  
10 Telephone: 612-256-3200  
   Facsimile: 612-215-6870  
11 * admitted *pro hac vice*  

12 ATTORNEYS FOR PLAINTIFFS  

13 BRIDGES & BRIDGES  
   Harold A. Bridges, SBN 93560  
14 Maj-Le Tate Bridges, SBN 179522  
   466 Foothill Boulevard, Suite 394  
15 La Canada, CA 91011  
   Telephone: 626-304-2836  
16 Facsimile:  626-628-0465  
   drew@bridges-law.com  
17 majle@bridges-law.com  

18 ATTORNEYS FOR DEFENDANTS  

19  
20  
21  
22  
23  
24  
25  
26  
27  
28

The parties to the above-entitled action jointly submit this Case Management Statement, Rule 26(f) Report and Proposed Order and request the Court to adopt it as its Case Management Order in this case.[1]

**1.    Jurisdiction and Service:**  The parties agree that the Court has subject matter jurisdiction over Plaintiff Jennifer Meade's and putative plaintiffs' (collectively "each Plaintiff" or "Plaintiffs") claims pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq.  The parties agree that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**2.    Facts:**  Defendants inform Plaintiffs that on October 1, 2005, Retail Store Services Inc. (not a party to this action) sold substantially all of its assets to Defendant Retail Store Services LLC (formerly RSS Acquisition Sub LLC), a wholly owned subsidiary of Defendant Advantage Sales & Marketing LLC. Concurrent with this sale, Retail Store Services LLC (sometimes hereinafter referred to as "RSS") first commenced operation of its business. Defendants Advantage Sales & Marketing Inc. and Advantage Sales & Marketing LLC deny ever being employers of Plaintiffs.  Plaintiffs are investigating this information but, for the present, continue to allege that all of the currently named defendants are employers of Plaintiffs for the last four years.  Without prejudice to these allegations or defenses, the parties agree that Plaintiffs are or were merchandising representatives for RSS at various times since October 1, 2005.  On or about May 29, 2006, RSS classified merchandising representatives as non-exempt employees under the FLSA. Prior to May 29, 2006, Plaintiffs allege that Defendants misclassified merchandising representatives as exempt employees not eligible for overtime compensation. During the applicable statute of limitations period, Plaintiffs allege that they regularly worked more than forty hours per week and/or worked without receiving compensation in violation of the

---

[1] The items listed first follow Judge Illston's Standing Order for Case Management Conferences and then address any items not otherwise discussed per the Standing Order for Joint Case Management Statements for All Judges of the Northern District of California.

-3-

FLSA and California state law.

**3.    Factual Issues in Dispute:**

- The number of hours worked per day or per week by each Plaintiff.
- The number of hours worked per day or per week by each Plaintiff for which they were not paid irrespective of whether such work was considered overtime.
- Whether Defendants maintained accurate records of hours worked by Plaintiffs.
- Whether Defendants had knowledge of any unpaid overtime worked by Plaintiffs.
- Whether Defendants had knowledge of any unpaid work by Plaintiffs.
- Whether Defendants appropriately compensated any work (whether overtime or otherwise) performed by Plaintiffs.
- Whether Defendants provided accurate, itemized wage statements.
- Whether Defendants paid each terminated Plaintiff all wages due at their termination of employment.
- The amount of damages, if any, suffered by Plaintiffs.

**4.    Legal Issues in Dispute**

- Whether notice of this collective action should be provided to putative class members pursuant to Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165 (1989).
- Whether Defendants Advantage Sales & Marketing Inc. and Advantage Sales & Marketing LLC are proper defendants.
- Whether it was appropriate to classify Plaintiffs as exempt employees during the applicable statutory period.
- If liability is found, whether the failure to pay overtime, if legally owed, or other lawfully owed wages to Plaintiffs was willful.
- Whether Defendants acted in good faith and/or had reasonable grounds for believing that

they paid all sums considered to be legally due to Plaintiffs.

- Whether a collective and/or class action certification is appropriate in this case.
- Entitlement to and, if so entitled, the amount of penalties claimed by Plaintiffs.
- Entitlement to and, if so entitled, the amount of attorneys' fees awarded to Plaintiffs.

**5.    Issues That Can Be Narrowed by Agreement:**  The parties agree that they will try to resolve this case through mediation after the necessary discovery has been conducted; appropriate notice, if any, to all those similarly situated has been provided; and, if this action is certified as a collective action, such individuals have had an opportunity to opt-in or file a consent to join this lawsuit.

**6.    Motions Anticipated by Parties:**  Shortly after this Report is filed, Plaintiffs intend to bring a motion for conditional class certification.  Assuming conditional certification is granted, the parties anticipate that a motion for decertification may be brought by Defendants.  If Defendants do not acknowledge Plaintiffs were misclassified before May 29, 2006, then Plaintiffs at the very least anticipate bringing a motion for partial summary judgment on that issue.  If Plaintiffs do not request dismissal of Defendants Advantage Sales & Marketing Inc. and Advantage Sales & Marketing LLC, then these Defendants, at the very least, anticipate bringing a motion for summary judgment/partial summary judgment as to them.

**7.    Relief Sought by Plaintiffs:** Plaintiffs are seeking to recover overtime compensation for work performed over 40 hours a week or regular compensation for worked performed that Defendants failed to pay at all under the FLSA and California state law.  Plaintiffs also seek liquidated damages under the FLSA and waiting time and wage statement penalties under California state law.  Plaintiffs are unable to specify the amount of damages, but anticipate the total will exceed $1 million dollars.  Damages are computed based upon a standard formula, wherein Plaintiffs receive 1.5 or 2 times Plaintiffs' regular rate of pay, multiplied by Plaintiffs' hours of overtime worked. With regard to time worked for which Plaintiffs were not paid at all,

-5-

computation of the damage figure will depend on whether such time is overtime or regular time. On the California state law claims, the waiting time penalties, for terminated Plaintiffs, are codified by statute and provide, in appropriate circumstances, for payment of up to 30 days worth of wages after termination of employment. The penalties for an employer's failure to provide accurate wage statements is also codified and, in appropriate circumstances, provides recovery of the greater of Plaintiff's actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

**8.** **Discovery:** Each party intends to serve written discovery and take depositions. Plaintiffs served their first set of written discovery and a Rule 30(b)(6) Notice of Taking Deposition on December 13, 2007 following the Rule 26(f) conference. While the parties do not agree that discovery may proceed simultaneously on class and merits issues across the board prior to Plaintiffs' success (if any) on a motion under Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165 (1989), without waiver of objections and in an effort to maximize efficiency and economy, the parties are engaging in class and merits discovery and have agreed that when feasible, they will engage in informal discovery to save on costs and time associated with this litigation. Plaintiffs agree that Defendants can take discovery of, including the depositions of all opt-in Plaintiffs, without leave of court. The parties agree that all discovery shall be commenced to be completed by November 14, 2008. The parties propose that expert witness disclosures should be made for Plaintiffs by October 1, 2008 and Defendants by October 15, 2008. The parties propose expert discovery should be completed by November 28, 2008. Plaintiffs propose that they must file their motion for class certification by November 14, 2008. The parties believe that a discovery order and conference under Rule 26(f) is unnecessary at this time, but that the discovery deadlines proposed herein should be adopted as part of this Court's Scheduling Order for the case.

**9.     Case Suitable for Arbitration or MDL:** Plaintiffs do not believe this case is suitable for binding arbitration, should not be referred to a Special Master or Magistrate for trial, or to MDL.

**10.    Trial:** Plaintiffs have requested a jury trial in this action. The parties anticipate the length of the trial to be 2-3 weeks. The parties anticipate that it may be possible the length of the trial can be reduced by stipulation, use of summaries or statements, or some other expedited means of presenting evidence. The parties believe that it is premature to make determinations now, but will continue to explore ways to do so as the case proceeds. Plaintiffs do not believe at this time that the issues at trial should be bifurcated, but depending on how the evidence develops and whether the class is certified, it may be appropriate to reconsider bifurcation as trial approaches.

**11.    Related Cases:** The parties do not believe there are any related cases pending before other judges of this Court.

**12.    Class Certification:** The parties anticipate that the issue of class certification will be decided by motion no later than November 14, 2008.

**13.    Earliest dates for Discovery cutoff, Pretrial Conference and Trial:** The proposed discovery deadlines are set forth in paragraph 8 above. The parties believe that the Pretrial Conference should occur approximately two months after the discovery deadline of November 14, 2008, and that the Trial date should be several weeks after the Pretrial Conference or sixty days following the dispositive motion deadline.

**14.    Prospects for Settlement:** The parties discussed settlement during the 26(f) conference. The parties filed its Stipulation on ADR indicating their desire to try to resolve this lawsuit through private mediation. The Court has recently entered an order, in accordance with the parties' stipulation, referring the matter to private ADR to be completed within 30 days of the completion of discovery.

**15.    Amendment of Pleadings:** The last name of the named Plaintiff is misspelled in the case caption, and therefore the caption must be amended so that the named Plaintiff is identified as

-7-

"Jennifer Meade" rather than "Jennifer Mead." Plaintiffs may seek to amend the pleadings to add additional state law claims depending on the residences of the Plaintiffs who opt-in to the lawsuit and whether inclusion of such claims adds additional benefit than what is already provided under the FLSA to such Plaintiffs. Plaintiffs may seek to amend the pleadings to add additional defendants.

**16.    Evidence Preservation:** On November 9, 2007, Plaintiffs sent Defendants a letter requesting all evidence, including electronic evidence, be preserved and referencing the current ABA rules on electronic evidence.

**17.    Disclosures:** Plaintiffs served their initial disclosures on December 27, 2007. Defendants served their initial disclosures concurrent with the filing of this Joint Statement and Report.

**18.    Expedited Schedule:** The parties do not believe this case should be on an expedited schedule, but will work toward litigating the issues as efficiently as they are able.

**19.    Scheduling:** In addition to the deadlines listed above, the parties proposed a dispositive motion filing deadline of December 31, 2008.

[The remainder of this page is intentionally left blank.]

**20.** **Disclosure of Non-party Interested Entities or Persons:** Defendant filed its Disclosure on November 6, 2007. Plaintiffs through their Complaint and Consent Forms have identified their financial interest in this lawsuit. Plaintiffs restate that as parties they have a financial interest in this proceeding.

Dated: January 11, 2008                             s/ Matthew H. Morgan

                                         **NICHOLS KASTER & ANDERSON, PLLP**
Donald H. Nichols, MN State Bar No. 78918*
Nichols@nka.com
Paul J. Lukas, MN State Bar No. 22084X*
Lukas@nka.com
Matthew H. Morgan, MN State Bar No. 304657*
Morgan@nka.com
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
* admitted *pro hac vice*

**NICHOLS KASTER & ANDERSON, LLP**
Matthew C. Hallend, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center
Ste. 720
San Francisco, CA 94111

ATTORNEYS FOR PLAINTIFFS

Dated:  January 11, 2008                             s/ Harold A. Bridges
**BRIDGES & BRIDGES**
Harold A. Bridges, CA State Bar No. 93560
drew@bridges-law.com
Maj-Le Tate Bridges, CA State Bar No. 179522
majle@bridges-law.com
4660 Foothill Boulevard, #394
La Canada, CA 91011

**[PROPOSED] CASE MANAGEMENT ORDER**

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:**

*[The Court may wish to make additional orders, such as:*

a.   *Referral of the parties to court or private ADR process;*

b.   *Schedule a further Case Management Conference;*

c.   *Schedule the time and content of supplemental disclosures;*

d.   *Specially set motions;*

e.   *Impose limitations on disclosure or discovery;*

f.   *Set time for disclosure of identity, background and opinions of experts;*

g.   *Set deadlines for completing fact and expert discovery;*

h.   *Set time for parties to meet and confer regarding pretrial submissions;*

i.   *Set deadlines for hearing motions directed to the merits of the case;*

j.   *Set deadline for submission of pretrial material;*

k.   *Set date and time for pretrial conference;*

l.   *Set a date and time for trial.]*

Dated: _____    _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Susan Illston
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge