Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(admitted **pro** **hac** **vice**)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted **pro** **hac** **vice**)
Matthew H. Morgan, MN State Bar No. 304657
Morgan@nka.com
(admitted **pro** **hac** **vice**)
David C. Zoeller, MN State Bar No. 0387885
Zoeller@nka.com
(admitted **pro** **hac** **vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jennifer Meade, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiff,<br><br>v.<br><br>Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc., Retail Store Services, LLC, and KSRSS, Inc.<br><br>Defendants. | **Case No.: C-07-5239-SI**<br><br>**AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1) Violations of Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.**<br><br>**(2) Overtime Violations (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))**<br><br>**(3) Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>**(4) Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**<br><br>**(5) Violation of California Business and Professions Code Sections 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Individual and Representative Plaintiff Jennifer Meade on her own behalf and on behalf of the proposed class identified below ("Plaintiffs"). Plaintiffs were or are employed by Defendant Advantage Sales & Marketing, LLC; Defendant Advantage Sales & Marketing, Inc.; Defendant Retail Store Services, LLC; and Retail Store Services, Inc., which upon information and belief, subsequent to October 2005, changed its name and is now operating and doing business as Defendant KSRSS, Inc. ("Defendants"). Plaintiffs were or are employed as "Merchandising Representatives," "Merchandising Sales Representatives" or some similar title, and were required to, among other things, receive and display marketing and promotional materials for various products sold at stores like Home Depot. Plaintiffs were either misclassified as exempt and therefore erroneously denied overtime, or not paid for all of the time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by state and federal wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Collective Class (FLSA) is made of all persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Merchandising Sales Representatives" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, or not paid for all time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3. The Class (Rule 23) is made up of persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Marketing Sales Representatives" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime, or not paid for all time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by state wage

and hour laws, within the State of California within the period four years prior to the filing date of this Complaint ("the Class Period").

4.  During the Collective Class Period and the Class Period, Defendants failed to pay overtime compensation to each member of the Class as required by state and federal law. Plaintiff seeks relief for the Class pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"). Plaintiff also seeks relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages due, pay appropriate overtime compensation, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

## **THE PARTIES**

5.  Individual and representative Plaintiff Jennifer Meade resides in Santa Clara County, California. She was employed by Defendants from approximately April 2004 to May 2007 as a merchandising representative covering certain parts of the northern California region. Plaintiff Meade brings her claims on behalf of herself and the Collective and California Classes.

6.  Upon information and belief, Defendant Advantage Sales & Marketing, LLC, is a California limited liability company doing business, and maintaining offices, in states throughout the United States, including California. Upon information and belief, Defendant Advantage Sales & Marketing, LLC does business as Retail Store Services. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

7.  Upon information and belief, Defendant Advantage Sales & Marketing, Inc., is a California corporation doing business, and maintaining offices, in states throughout the United States, including California. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

8.  Upon information and belief, Defendant Retail Store Services, LLC, is a Delaware limited liability company doing business, and maintaining offices, in states throughout the United States, including California. Upon information and belief, Defendant Retail Store Services, LLC is wholly-owned by Defendant Advantage Sales & Marketing, LLC or Defendant Advantage

Sales & Marketing, Inc.  Defendant Retail Store Services, LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

9. Upon information and belief, Defendant KSRSS, Inc., is a California corporation and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).  Upon information and belief, prior to October, 2005, certain Plaintiffs were employed by Retail Store Services, Inc.  Upon information and belief, some time after October 2005, Retail Store Services, Inc. changed its name to, and is otherwise operating and doing business as, KSRSS, Inc.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.*  The representative Plaintiff has signed a consent form to join this lawsuit, a copy of which is attached as **Exhibit A**.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendants conduct business in such District, and because a substantial part of the events giving rise to the claims occurred in this District.

12. Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in such District.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff Meade brings this action on behalf of herself and other similarly situated employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b).  The employees similarly situated are:

**Collective Class**:     All persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Merchandising Sales Representative" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, or not paid for all time they suffered or permitted to work for Defendants

-4-

and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action.

14. Upon information and belief, Defendants suffered and permitted Plaintiff Meade and the Collective Class to work more than forty hours per week without overtime compensation.

15. Defendants' unlawful conduct has been widespread, repeated and consistent.

16. Upon information and belief, Defendants knew that Plaintiff Meade and the Collective Class performed work that required overtime pay.

17. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Meade and the Collective Class.

18. Defendants are liable under the FLSA for failing to properly compensate Plaintiff Meade and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Upon information and belief, those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **CLASS ACTION ALLEGATIONS**

19. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed Class:** All persons who are or have been employed by Defendants with the job title of "Merchandising Representative," "Merchandising Sales Representative" or some similar title, who were either misclassified as exempt, and therefore erroneously denied overtime compensation, or not paid for all time they suffered or permitted to work for Defendants and therefore erroneously denied overtime compensation as required by state wage and hour laws, within the State of California within the period four

years prior to the filing date of this Complaint.

20. <u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff Meade is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed at least 75 people who satisfy the definition of the Proposed Class.

21. <u>Typicality</u>: Plaintiff Meade's claims are typical of the members of the Proposed Class. Plaintiff Meade is informed and believes that, during the Class Period, like other merchandising representatives who were misclassified as exempt, or simply not paid for all the time they suffered or permitted work to Defendants, she routinely worked more than eight hours per day and more than 40 hours per week. Plaintiff Meade had the same duties and responsibilities as other Class members. Plaintiff Meade was subject to Defendants' policies and practices of improperly treating and classifying employees in these positions as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation, and failing to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals.

22. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Prosecuting a host of identical, individual lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

23. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed Class, and she has retained counsel experienced in complex, nationwide wage and hour class and collective action litigation.

24. <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A. Whether Defendants improperly classified the members of the Proposed

Class as exempt;

B. Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws;

C. Whether Defendants employed Plaintiff Meade and the Proposed Class within the meaning of the applicable state laws;

D. Whether Plaintiff Meade and the Proposed Class' members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to the applicable state laws;

E. Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff Meade and the Proposed Class in violation of state wage laws;

F. Whether Defendants provided adequate itemized wage statements to Plaintiff Meade and the Proposed Class pursuant to state wage laws;

G. The proper measure of damages sustained by the Proposed Class; and

H. Whether Defendants' actions were "willful."

25. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

26. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small

compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

27. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. Upon information and belief, the names and address of the Proposed Class are available from Defendants.

## **FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

28. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

29. Plaintiff Meade consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Such written consent form is attached hereto. Plaintiff Meade anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

30. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, like Plaintiff Meade and the Collective Class.

31. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

32. During their employment with Defendants, within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

33. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its

-8-

employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

36. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of California Law)**

37. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

38. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required employers, such as Defendants, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

39. Plaintiff Meade is informed and believes, and thereon alleges, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the overtime required in violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff Meade and the other Class Members are entitled to recover their unpaid overtime compensation.

40. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff Meade and the Class have sustained damages, including loss of earnings for

hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### (Waiting Time Penalties)

41. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

42. During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

43. Under Labor Code sections 201, 202, and 203, those Class Members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

### FOURTH CLAIM FOR RELIEF

### (Failure to Provide Accurate Itemized Wage Statements)

44. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

45. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

46. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Meade and the Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff Meade and the

-10-

FIRST AMENDED CLASS ACTION COMPLAINT

Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiff Meade and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), Plaintiff Meade and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

### FIFTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

49. Members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

### PRAYER FOR RELIEF

50. WHEREFORE, Plaintiffs pray for relief as follows:

    A.    Designation of this action as a collective action on behalf of the nationwide Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the nationwide Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendants for an amount equal to Plaintiff Meade and the Collective Class's unpaid back wages at the applicable overtime rate;

C. That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs;

D. That Defendants' violations of the FLSA are found to be willful;

E. An equal amount to the overtime damages as liquidated damages;

F. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and/or other applicable state laws;

G. An award of prejudgment interest;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Leave to amend additional state law claims by motion;

J. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

K. That Defendants are found to have violated the overtime, itemized wage statement/time records, and waiting time penalty provisions of the state wage laws cited above as to the California Class identified above;

L. That Defendants be ordered and enjoined to pay restitution to Plaintiff Meade and the Proposed Class due to Defendants' unlawful activities, pursuant to state laws cited above;

M. That Defendants further are enjoined to cease and desist from unlawful activities in violation of state laws cited above; and

N. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

51. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

| | |
|---|---|
| Dated: February 4, 2008 | s/ Matthew H. Morgan |

**NICHOLS KASTER & ANDERSON, PLLP**
Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted **pro hac vice**)
Matthew H. Morgan, MN State Bar No. 304657
Morgan@nka.com
(admitted **pro hac vice**)
David C. Zoeller, MN State Bar No. 0387885
Zoeller@nka.com
(admitted **pro hac vice**)
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

**NICHOLS KASTER & ANDERSON, LLP**
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center
Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

ATTORNEYS FOR PLAINTIFFS