BRIDGES & BRIDGES
HAROLD A. BRIDGES, SBN 93560
MAJ-LE TATE BRIDGES, SBN 179522
466 Foothill Blvd, #394
La Canada, California 91011
Tel: (626) 304-2836; Fax: (626) 628-0465
drew@bridges-law.com
majle@bridges-law.com

Attorneys for Defendants
ADVANTAGE SALES & MARKETING INC.,
ADVANTAGE SALES & MARKETING LLC, and
RETAIL STORE SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER MEAD, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ADVANTAGE SALES & MARKETING LLC; ADVANTAGE SALES & MARKETING INC., RETAIL STORE SERVICES LLC, and KSRSS, Inc.<br><br>　　　　Defendants. | Case No: C-07-5239-SI<br><br>**ANSWER OF DEFENDANTS ADVANTAGE SALES & MARKETING INC., ADVANTAGE SALES & MARKETING LLC, AND RETAIL STORE SERVICES LLC TO AMENDED COMPLAINT** |

Defendants ADVANTAGE SALES & MARKETING INC. ("Defendant ASM INC."), ADVANTAGE SALES & MARKETING LLC ("Defendant ASM LLC"), and RETAIL STORE SERVICES LLC ("Defendant RSS LLC") (collectively, "Defendants ASM INC., ASM LLC and RSS LLC") for themselves alone and no other defendant, hereby answer and plead in response to the Amended Complaint for Damages, Restitution and Injunctive Relief ("Amended Complaint") of Plaintiff JENNIFER MEADE ("Plaintiff") as follows:

## ANSWER TO "PRELIMINARY STATEMENT"

1.  Answering Paragraph 1, Defendants ASM INC., ASM LLC and RSS LLC admit that Plaintiff was employed by Defendant RSS LLC as a merchandising representative during the time period October 1, 2005 to May 4, 2007. Defendants ASM INC., ASM LLC and RSS LLC further admit, upon information and belief, that on or about April 8, 2004 to and including September 30, 2005, Plaintiff was employed by Retail Store Services, Inc., which subsequent to October 2005, changed its name to KSRSS, Inc. Defendants ASM INC., ASM LLC and RSS LLC further admit that Plaintiff's job responsibilities while employed by Defendant RSS LLC as a merchandising representative included receiving and displaying marketing and promotional materials for certain products sold at home improvement stores. Except as so admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 1.

2.  Answering Paragraph 2, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

3.  Answering Paragraph 3, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

4.  Answering Paragraph 4, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

## ANSWER TO "THE PARTIES"

5.  Answering Paragraph 5, first sentence, Defendants ASM INC., ASM LLC and RSS LLC are without sufficient knowledge or information to form a belief as to the truth of the

allegations regarding Plaintiff's residency, and on that basis deny each and every allegation contained in said sentence. Answering the second sentence of Paragraph 5, Defendants ASM INC., ASM LLC and RSS LLC admit that Plaintiff was employed by Defendant RSS LLC as a merchandising representative from October 1, 2005 through May 4, 2007, and that she worked in parts of northern California. Defendants ASM INC., ASM LLC and RSS LLC, upon information and belief, further admit that on or about April 8, 2004 to and including September 30, 2005, Plaintiff was employed by Retail Store Services, Inc., which subsequent to October 2005, changed its name to KSRSS, Inc. Except as so admitted or denied based on lack of information and belief, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6, Defendants ASM INC., ASM LLC and RSS LLC admit that Defendant ASM LLC is a California limited liability company. Defendants ASM INC., ASM LLC and RSS LLC further admit that Defendant ASM LLC conducts business and has offices in various states, including California. Defendants ASM INC., ASM LLC and RSS LLC further admit that Defendant ASM LLC is an "employer" within the definition set forth in 29 U.S.C. section 203(d). Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7, Defendants ASM INC., ASM LLC and RSS LLC admit that Defendant ASM INC. is a California corporation with an office in California. Except as so admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 7.

8. Answering Paragraph 8, Defendants ASM INC., ASM LLC and RSS LLC admit that Defendant RSS LLC is a Delaware limited liability company doing business in various states, including California, and is principally located in California. Defendants ASM INC., ASM LLC and RSS LLC further admit that Defendant RSS LLC is an "employer" within the definition set forth in 29 U.S.C. section 203(d). Defendants ASM INC., ASM LLC and RSS LLC further admit that Defendant RSS LLC is a wholly-owned subsidiary of Defendant ASM

LLC. Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 8.

9. Answering Paragraph 9, Defendants ASM INC., ASM LLC and RSS LLC, upon information and belief, admit that Plaintiff was employed by Retail Store Services, Inc. on or about April 8, 2004 to and including September 30, 2005. Defendants ASM INC., ASM LLC and RSS LLC further admit, upon information and belief, that at some time after October 2005, Retail Store Services, Inc. changed its name to KSRSS, Inc. Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 9.

### ANSWER TO "JURISDICTION AND VENUE"

10. Answering Paragraph 10, Defendants ASM INC., ASM LLC and RSS LLC admit that the Court has subject matter jurisdiction over Fair Labor Standards Act ("FLSA") claims. Defendants ASM INC., ASM LLC and RSS LLC further admit that the Amended Complaint they received contained an attachment "A" identified in part as a "Plaintiff Consent Form." Regarding the last sentence of Paragraph 10, supplemental jurisdiction over alleged state-law claims is a matter for the Court, in its discretion, to determine. Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 10.

11. Answering Paragraph 11, Defendants ASM INC., ASM LLC and RSS LLC admit that, with respect to Plaintiff's FLSA allegations as against Defendant RSS LLC, venue is proper in the United States District Court, Northern District of California. Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained in Paragraph 11.

12. Answering Paragraph 12, Defendants ASM INC., ASM LLC and RSS LLC admit that, with respect to Plaintiff's FLSA allegations as against Defendant RSS LLC, venue is proper in the Northern District of California. Except at specifically admitted, Defendants ASM INC.,

ASM LLC and RSS LLC are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained in Paragraph 12.

### ANSWER TO "COLLECTIVE ACTION ALLEGATIONS"

13. Answering Paragraph 13, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

14. Answering Paragraph 14, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

15. Answering Paragraph 15, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 16, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

17. Answering Paragraph 17, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

18. Answering Paragraph 18, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "CLASS ACTION ALLEGATIONS"

19. Answering Paragraph 19, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

20. Answering Paragraph 20, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

21. Answering Paragraph 21, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

22. Answering Paragraph 22, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

23. Answering Paragraph 23, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

1     24.    Answering Paragraph 24, including all subparts thereof, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

    25.    Answering Paragraph 25, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

    26.    Answering Paragraph 26, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

    27.    Answering Paragraph 27, first sentence, Defendants ASM INC., ASM LLC and RSS LLC are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's intent to provide any notice, and on that basis deny each and every allegation contained in said sentence, as well as specifically denying any authority or legal or factual basis to provide such "notice." Respecting the second sentence of Paragraph 27, Defendants ASM INC., ASM LLC and RSS LLC admit that Defendant RSS LLC maintains the names and addresses of current employees and some former employees. Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 27.

## ANSWER TO "FIRST CLAIM FOR RELIEF"

    28.    Answering Paragraph 28, Defendants ASM INC., ASM LLC and RSS LLC allege and incorporate by reference their answers to the preceding paragraphs.

    29.    Answering Paragraph 29, Defendants ASM INC., ASM LLC and RSS LLC admit that the Amended Complaint they received contained an attachment "A" identified in part as a "Plaintiff Consent Form." Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 29.

    30.    Answering Paragraph 30, Defendants ASM INC., ASM LLC and RSS LLC admit that Defendant ASM LLC and Defendant RSS LLC are "employers" within the definition set forth in 29 U.S.C. section 203(d). Defendants ASM INC., ASM LLC and RSS LLC further

1  admit that Defendant RSS LLC employed Plaintiff from October 1, 2005 to May 4, 2007, and others, and Defendant ASM LLC has employed persons. Defendants ASM INC., ASM LLC and RSS LLC further admit, upon information and belief, that KSRSS, Inc. is an "employer" within the definition set forth in 29 U.S.C. section 203(d) and that KSRSS, Inc.'s predecessor, Retail Store Services, Inc., employed Plaintiff on or about April 8, 2004 to and including September 30, 2005. Except as specifically admitted, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 30.

31. Answering Paragraph 31, the FLSA speaks for itself. Accordingly, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 31.

32. Answering Paragraph 32, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

33. Answering Paragraph 33, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

34. Answering Paragraph 34, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

35. Answering Paragraph 35, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, that Plaintiff has been or will be damaged in the amounts alleged, in any other amount, or at all. Defendants ASM INC., ASM LLC and RSS LLC further deny, generally and specifically, that the elements of relief sought are available to Plaintiff on the claims alleged. Accordingly, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 35.

36. Answering Paragraph 36, Defendants ASM INC., ASM LLC and RSS LLC deny Plaintiff's entitlement to fees and costs and accordingly deny, generally and specifically, each and every allegation contained in Paragraph 36.

## ANSWER TO "SECOND CLAIM FOR RELIEF"

37. Answering Paragraph 37, Defendants ASM INC., ASM LLC and RSS LLC allege

and incorporate by reference their answers to the preceding paragraphs.

38. Answering Paragraph 38, IWC Wage Order number 4 and California Labor Code sections 510 and 1198 speak for themselves. Accordingly, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 38.

39. Answering Paragraph 39, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

40. Answering Paragraph 40, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "THIRD CLAIM FOR RELIEF"

41. Answering Paragraph 41, Defendants ASM INC., ASM LLC and RSS LLC allege and incorporate by reference their answers to the preceding paragraphs.

42. Answering Paragraph 42, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

43. Answering Paragraph 43, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "FOURTH CLAIM FOR RELIEF"

44. Answering Paragraph 44, Defendants ASM INC., ASM LLC and RSS LLC allege and incorporate by reference their answers to the preceding paragraphs.

45. Answering Paragraph 45, California Labor Code section 226(a) speaks for itself. Accordingly, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 45.

46. Answering Paragraph 46, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

### ANSWER TO "FIFTH CLAIM FOR RELIEF"

47. Answering Paragraph 47, Defendants ASM INC., ASM LLC and RSS LLC allege and incorporate by reference their answers to the preceding paragraphs.

-8-
Case No. C-07-5239-SI    ANSWER OF ASM INC, ASM LLC & RSS LLC TO AMENDED COMPLAINT

48. Answering Paragraph 48, California Business and Professions Code section 17200 speaks for itself. Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 48.

49. Answering Paragraph 49, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained therein.

## ANSWER TO "PRAYER FOR RELIEF"

50. Answering Paragraph 50 - the "Prayer for Relief," including all subparts thereof, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, that Plaintiff has been or will be damaged in the amounts alleged, in any other amount, or at all. Defendants ASM INC., ASM LLC and RSS LLC further deny, generally and specifically, that the elements of relief sought are available to Plaintiff on the claims alleged. Accordingly, Defendants ASM INC., ASM LLC and RSS LLC deny, generally and specifically, each and every allegation contained in Paragraph 50.

## ANSWER TO "JURY DEMAND"

51. Answering Paragraph 51, to the extent that any answer is required, if at all, Defendants ASM INC., ASM LLC and RSS LLC admit that the Amended Complaint contains a demand for jury trial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(No Claim)

52. As a first and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that the Amended Complaint, including each and every purported cause of action contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

53. As a second and separate affirmative defense, and merely for purposes of stating

this defense without admission that any damage has been sustained, Defendants ASM INC., ASM LLC and RSS LLC allege that Plaintiff has an adequate remedy at law, so that equitable, declaratory, or injunctive relief would not be appropriate.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

54. As a third and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that Plaintiff is estopped from pursuing the claims in the Amended Complaint by reason of her own actions and course of conduct.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

55. As a fourth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that Plaintiff is barred from pursuing the claims in the Amended Complaint by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

56. As a fifth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that the Amended Complaint is barred because any recovery from Defendants ASM INC., ASM LLC and RSS LLC would result in Plaintiff's unjust enrichment.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

57. As a sixth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation including, but not limited to, 29 U.S.C. section 255 (2 years for FLSA actions; 3 years if violation is willful); California Code of Civil Procedure section 338(a) (3 years for Labor Code violations), California Code of Civil Procedure section 340(a) (1 year for penalty claims), California Business and Professions Code section 17208 (4 years for unfair competition claim).

## SEVENTH AFFIRMATIVE DEFENSE

### (No Class/Collective Action, No Standing)

58. As a seventh and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that the Amended Complaint is not proper for treatment as a class action or collective action; Plaintiff therefore lacks standing to represent the individuals she purports to represent.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Standing Under UCL Act or for Penalties)

59. As an eighth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that Plaintiff, as a private litigant, lacks standing to bring a claim for damages under California Business and Professions Code section 17200 or for penalties under the California Labor Code.

## NINTH AFFIRMATIVE DEFENSE

### (Payment)

60. As a ninth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that Plaintiff's claims are barred in whole or in part to the extent that Defendants ASM INC., ASM LLC and RSS LLC have paid her all money due.

## TENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

61. As a tenth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that any alleged "off the clock" work by Plaintiff was *de minimis* and thus not compensable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

62. As an eleventh and separate affirmative defense, and merely for purposes of stating this defense without admission that any damage has been sustained, Defendants ASM INC., ASM LLC and RSS LLC allege that they are entitled to an offset against any relief

claimed by Plaintiff for wages Defendants ASM INC., ASM LLC and RSS LLC have paid Plaintiff and purported class members for time not worked or that otherwise is not required under state and/or federal law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

63. As a twelfth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that the Amended Complaint, and each claim for relief contained therein, is barred by the doctrine of *res judicata* to the extent that any member of the purported class pursued and resolved to final judgment any claim alleged in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

64. As a thirteenth and separate affirmative defense, and merely for purposes of stating this defense without admission of any violation of law, Defendants ASM INC., ASM LLC and RSS LLC allege that any violation of the California Labor Code or the FLSA was an act or omission made in good faith, and Defendants ASM INC., ASM LLC and RSS LLC had reasonable grounds for believing that the act or omission was not a violation of law, such that liquidated damages or other penalties would be inappropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Willful)

65. As a fourteenth and separate affirmative defense, and merely for purposes of stating this defense without admission of any violation of law, Defendants ASM INC., ASM LLC and RSS LLC allege that any failure to pay wages or overtime was not willful and therefore the Amended Complaint fails to state a claim for penalties under the California Labor Code, for a three-year limitations period under the FLSA, or for liquidated damages under the FLSA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Exhaustion)

66. As a fifteenth and separate affirmative defense, Defendants ASM INC., ASM

LLC and RSS LLC allege that, to the extent that Plaintiff requests statutory penalties under the California Labor Code, Plaintiff is barred from recovering such penalties because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit under the California Labor Code Private Attorneys General Act of 2004. *Cal. Lab. Code* § 2699, *et. seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Conduct of Others)

67. As a seventeenth and separate affirmative defense, Defendants ASM INC., ASM LLC and RSS LLC allege that the conduct of Plaintiff or persons and/or entities other than Defendants ASM INC., ASM LLC and RSS LLC herein caused or contributed to the loss, injury and damages, if any, alleged in the Amended Complaint, thereby barring or reducing Plaintiff's recovery as against Defendants ASM INC., ASM LLC and RSS LLC.

## PRAYER

68. WHEREFORE, Defendants ASM INC., ASM LLC and RSS LLC pray for judgment against Plaintiff as follows:

   A. That certification as a collective action under the FLSA be denied;
   B. That class certification be denied;
   C. That Plaintiff takes nothing by reason of her Amended Complaint;
   D. That the Amended Complaint be dismissed in its entirety with prejudice;
   E. That judgment be entered for Defendants ASM INC., ASM LLC and RSS LLC;
   F. That Defendants ASM INC., ASM LLC and RSS LLC be awarded their reasonable costs and attorneys' fees; and
   G. That Defendants ASM INC., ASM LLC and RSS LLC be awarded such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: February 11, 2008 | BRIDGES & BRIDGES |
| 2 | | |
| 3 | | By: /s/ Harold A. Bridges |
| 4 | | HAROLD A. BRIDGES<br>Attorneys for Defendants ADVANTAGE SALES & MARKETING INC., |
| 5 | | ADVANTAGE SALES & MARKETING LLC, and RETAIL STORE SERVICES LLC |



-14-

Case No. C-07-5239-SI    **ANSWER OF ASM INC, ASM LLC & RSS LLC TO AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

## Meade, et al. v. Retail Store Service, LLC, et al.

### Case No. C-07-5239-SI

I hereby certify that on February 14, 2008, I caused the following document(s): **ANSWER OF DEFENDANTS ADVANTAGE SALES & MARKETING INC., ADVANTAGE SALES & MARKETING LLC, AND RETAIL STORE SERVICES LLC TO AMENDED COMPLAINT** to be served via ECF to the following:

Nicholas Kaster & Anderson, LLP

    Matthew C. Helland - Helland@nka.com

    Paul J. Lukas – Lukas@nka.com

    Matthew H. Morgan – Morgan@nka.com

    Donald H. Nichols – Nichols@nka.com

DATED: February 14, 2008        BRIDGES & BRIDGES

By:   s/Harold A. Bridges
HAROLD A. BRIDGES
Attorneys for Defendants ADVANTAGE SALES & MARKETING INC., ADVANTAGE SALES & MARKETING LLC, and RETAIL STORE SERVICES LLC