1   Frank Cronin (#69840)
    Erin A. Denniston (#247785)
2   SNELL & WILMER L.L.P.
    600 Anton Blvd., Suite 1400
3   Costa Mesa, CA 92626
    Telephone: (714) 427-7000
4   Facsimile: (714) 427-7799

5   Attorneys for Defendant
    KSRSS, Inc.
6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11  JENNIFER MEADE, individually,          CASE NO.  C-07-5239-SI
    on behalf of others similarly situated,
12  and on behalf of the general public
                                           DEFENDANT KSRSS, INC.'S
13              Plaintiff,                  ANSWER TO AMENDED CLASS
                                           ACTION COMPLAINT FOR
14  vs.                                     DAMAGES, RESTITUTION AND
                                           INJUNCTIVE RELEIF
15  ADVANTAGE SALES &
    MARKETING, LLC,
16  ADVANTAGE SALES &
    MARKETING, INC., RETAIL
17  STORE SERVICES, LLC, and
    KSRSS, INC.
18
                Defendants.
19

20

21         Defendant KSRSS, Inc. ("KSRSS") hereby answers plaintiff Jennifer

22  Meade's ("Plaintiff") Amended Complaint for Damages, Restitution and Injunctive

23  Relief ("Amended Complaint") as follows:

24                        PRELIMINARY STATEMENT

25         1.    KSRSS admits that Plaintiff was employed by KSRSS, under its prior

26  name Retail Store Services, Inc., as a merchandising representative beginning on or

27  about April 8, 2004 and until September 30, 2005.  Subsequent to September 30,

28  2005, KSRSS changed its name from Retail Services, Inc. to KSRSS, Inc.  KSRSS

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8653674.1                               KSRSS' ANSWER TO COMPLAINT

1   is informed and believes that beginning on or about October 1, 2005, RSS LLC

2   employed Plaintiff as a merchandising representative.  KSRSS further admits that

3   Plaintiff's job responsibilities while employed by KSRSS as a merchandising

4   representative included receiving and displaying marketing and promotional

5   materials for certain products sold at home improvement stores.  Except as

6   specifically admitted, KSRSS denies, generally and specifically, each and every

7   allegation contained in Paragraph 1.

8       2.    KSRSS denies, generally and specifically, each and every allegation

9   contained in Paragraph 2.

10      3.    KSRSS denies, generally and specifically, each and every allegation

11  contained in Paragraph 3.

12      4.    KSRSS denies, generally and specifically, each and every allegation

13  contained in Paragraph 4.

14                              **THE PARTIES**

15      5.    KSRSS is without sufficient knowledge or information to form a belief

16  as to the truth of the allegation regarding Plaintiff's residency, and on that basis

17  denies each and every allegation contained in the first sentence of Paragraph 5.

18  Answering the second sentence of Paragraph 5, KSRSS admits that Plaintiff was

19  employed by KSRSS, under its prior name Retail Store Services, Inc., as a

20  merchandising representative beginning on or about April 8, 2004 and until

21  September 30, 2005, and that she worked in parts of Northern California.  On

22  information and belief, KSRSS further admits that beginning on or about October 1,

23  2005, RSS LLC employed Plaintiff as a merchandising representative.  Except as

24  specifically admitted, KSRSS denies, generally and specifically, each and every

25  allegation contained in Paragraph 5.

26      6.    KSRSS is without sufficient knowledge or information to form a belief

27  as to the truth of the allegations contained in Paragraph 6, and on that basis denies

28  each and every allegation contained in Paragraph 6.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8653674.1

7.    KSRSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies each and every allegation contained in Paragraph 7.

8.    KSRSS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies each and every allegation contained in Paragraph 8.

9.    KSRSS admits that Plaintiff was employed by KSRSS, under its prior name Retail Store Services, Inc., as a merchandising representative beginning on or about April 8, 2004 and until September 30, 2005.  KSRSS further admits that subsequent to September 30, 2005, KSRSS changed its name from Retail Services, Inc. to KSRSS, Inc.  Except as specifically admitted, KSRSS denies, generally and specifically, each and every allegation contained in Paragraph 5.

## JURISDICTION AND VENUE

10.    KSRSS admits that the Court has subject matter jurisdiction over Fair Labor Standards Act ("FLSA") claims.  KSRSS further admits that the Amended Complaint it received contained an attachment "A" identified in part as a "Plaintiff Consent Form."  Regarding the last sentence of Paragraph 10, supplemental jurisdiction over alleged state law claims is a matter for the Court, in its discretion, to determine.  Except as specifically admitted, KSRSS denies, generally and specifically, each and every allegation contained in Paragraph 10.

11.  KSRSS admits that, with respect to Plaintiff's FLSA allegations as against KSRSS, venue is proper in the United States District Court, Northern District of California.  Except as specifically admitted, KSRSS is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in Paragraph 11.

12.    KSRSS admits that, with respect to Plaintiff's FLSA allegations as against KSRSS, venue is proper in the United States District Court, Northern District of California.  Except as specifically admitted, KSRSS is without sufficient

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  knowledge or information to form a belief as to the truth of the allegations, and on

2  that basis denies each and every allegation contained in Paragraph 12.

3  **COLLECTIVE ACTION ALLEGATIONS**

4       13.    KSRSS denies, generally and specifically, each and every allegation

5  contained in Paragraph 13.

6       14.    KSRSS denies, generally and specifically, each and every allegation

7  contained in Paragraph 14.

8       15.    KSRSS denies, generally and specifically, each and every allegation

9  contained in Paragraph 15.

10      16.    KSRSS denies, generally and specifically, each and every allegation

11  contained in Paragraph 16.

12      17.    KSRSS denies, generally and specifically, each and every allegation

13  contained in Paragraph 17.

14      18.    KSRSS denies, generally and specifically, each and every allegation

15  contained in Paragraph 18.

16  **CLASS ACTION ALLEGATIONS**

17      19.    KSRSS denies, generally and specifically, each and every allegation

18  contained in Paragraph 19.

19      20.    KSRSS denies, generally and specifically, each and every allegation

20  contained in Paragraph 20.

21      21.    KSRSS denies, generally and specifically, each and every allegation

22  contained in Paragraph 21.

23      22.    KSRSS denies, generally and specifically, each and every allegation

24  contained in Paragraph 22.

25      23.    KSRSS denies, generally and specifically, each and every allegation

26  contained in Paragraph 23.

27      24.    KSRSS denies, generally and specifically, each and every allegation

28  contained in Paragraph 24, including all subparts thereof.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8653674.1

1    25.    KSRSS denies, generally and specifically, each and every allegation

2    contained in Paragraph 25.

3    26.    KSRSS denies, generally and specifically, each and every allegation

4    contained in Paragraph 26.

5    27.    KSRSS is without sufficient knowledge or information to form a belief

6    as to the truth of the allegations regarding Plaintiff's intent to provide any notice,

7    and on that basis denies each and every allegation contained in the first sentence of

8    Paragraph 27, as well as specifically denying any authority or legal or factual basis

9    to provide such "notice."  KSRSS denies, generally and specifically, each and every

10    allegation contained in the second sentence of Paragraph 27.

11    **FIRST CLAIM FOR RELIEF**

12    28.    KSRSS alleges and incorporates by reference its answers to the

13    preceding paragraphs.

14    29.    KSRSS admits that the Amended Complaint it received contained an

15    attachment "A" identified in part as a "Plaintiff Consent Form."  Except as

16    specifically admitted, KSRSS denies, generally and specifically, each and every

17    allegation contained in Paragraph 29.

18    30.    KSRSS admits that prior to October 1, 2005, it was an "employer"

19    within the definition set forth in 29 U.S.C. section 203(d).  KSRSS further admits

20    that Plaintiff was employed by KSRSS, under its prior name Retail Store Services,

21    Inc., as a merchandising representative beginning on or about April 8, 2004 and

22    until September 30, 2005 and that KSRSS has employed others.  Except as

23    specifically admitted, KSRSS denies, generally and specifically, each and every

24    allegation contained in Paragraph 30.

25    31.    The FLSA speaks for itself.  Accordingly, KSRSS denies, generally

26    and specifically, each and every allegation contained in Paragraph 31.

27    32.    KSRSS denies, generally and specifically, each and every allegation

28    contained in Paragraph 32.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8653674.1

1    33.    KSRSS denies, generally and specifically, each and every allegation

2    contained in Paragraph 33.

3    34.    KSRSS denies, generally and specifically, each and every allegation

4    contained in Paragraph 34.

5    35.    KSRSS denies generally and specifically, that Plaintiff has been or will

6    be damaged in the amounts alleged, in any other amount, or at all.  KSRSS further

7    denies, generally and specifically, that the elements of relief sought are available to

8    Plaintiff on the claims alleged.  Accordingly, KSRSS denies, generally and

9    specifically, each and every allegation contained in Paragraph 35.

10    36.    KSRSS denies Plaintiff's entitlement to fees and costs and accordingly

11    denies, generally and specifically, each and every allegation contained in Paragraph

12    36.

13    **SECOND CLAIM FOR RELIEF**

14    37.    KSRSS alleges and incorporates by reference its answers to the

15    preceding paragraphs.

16    38.    IWC Wage Order number 4 and California Labor Code sections 510

17    and 1198 speak for themselves.  Accordingly, KSRSS denies, generally and

18    specifically, each and every allegation contained in Paragraph 38.

19    39.    KSRSS denies, generally and specifically, each and every allegation

20    contained in Paragraph 39.

21    40.    KSRSS denies, generally and specifically, each and every allegation

22    contained in Paragraph 40.

23    **THIRD CLAIM FOR RELIEF**

24    41.    KSRSS alleges and incorporates by reference its answers to the

25    preceding paragraphs.

26    42.    KSRSS denies, generally and specifically, each and every allegation

27    contained in Paragraph 42.

28    43.    KSRSS denies, generally and specifically, each and every allegation

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  contained in Paragraph 43.

2  **FOURTH CLAIM FOR RELIEF**

3       44.    KSRSS alleges and incorporates by reference its answers to the

4  preceding paragraphs.

5       45.    California Labor Code section 226(a) speaks for itself.  Accordingly,

6  KSRSS denies, generally and specifically, each and every allegation contained in

7  Paragraph 45.

8       46.    KSRSS denies, generally and specifically, each and every allegation

9  contained in Paragraph 46.

10  **FIFTH CLAIM FOR RELIEF**

11       47.    KSRSS alleges and incorporates by reference its answers to the

12  preceding paragraphs.

13       48.    California Business and Professions Code section 17200 speaks for

14  itself.  KSRSS denies, generally and specifically, each and every allegation

15  contained in Paragraph 48.

16       49.    KSRSS denies, generally and specifically, each and every allegation

17  contained in Paragraph 49.

18  **PRAYER FOR RELIEF**

19       50.    KSRSS denies, generally and specifically, that Plaintiff has been or

20  will be damaged in the amounts alleged, in any other amount, or at all.  KSRSS

21  further denies, generally and specifically that the elements of relief sought are

22  available to Plaintiff on the claims alleged.  Accordingly, KSRSS denies, generally

23  and specifically, each and every allegation contained in Paragraph 50.

24

25  **AFFIRMATIVE DEFENSES**

26  **FIRST AFFIRMATIVE DEFENSE**

27       As a first and separate affirmative defense, KSRSS alleges that the Amended

28  Complaint and each of its purported causes of action fails to state facts sufficient to

Snell & Wilmer

L.L.P.

LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  constitute a cause or causes of action against KSRSS.

2

3  ### SECOND AFFIRMATIVE DEFENSE

4  As a further and separate affirmative defense, KSRSS alleges that the

5  Amended Complaint, as well as each purported cause of action therein, is barred by

6  the applicable statute of limitations, including 29 U.S.C. section 255, California

7  Code of Civil Procedure § 338(a) and California Code of Civil Procedure § 340(a),

8  California Business and Professions Code section 17208.

9

10  ### THIRD AFFIRMATIVE DEFENSE

11  As a further and separate affirmative defense, KSRSS alleges that Plaintiff is

12  barred from pursuing the Amended Complaint and each of its purported causes of

13  action because any recovery from KSRSS would result in Plaintiff's unjust

14  enrichment.

15

16  ### FOURTH AFFIRMATIVE DEFENSE

17  As a further and separate affirmative defense, KSRSS alleges that the

18  Amended Complaint and each of its purported causes of action are not proper for

19  treatment as a class action or collective action.  Plaintiff therefore lacks standing to

20  represent the individuals she purports to represent.

21

22  ### FIFTH AFFIRMATIVE DEFENSE

23  As a further and separate affirmative defense, KSRSS alleges that Plaintiff,

24  as a private litigant, lacks standing to bring a claim for damages under California

25  Business and Professions Code section 17200 or for penalties under the California

26  Labor Code.

27  / / /

28  / / /

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  | **SIXTH AFFIRMATIVE DEFENSE**

2          As a further and separate affirmative defense, KSRSS alleges that any

3  alleged "off the clock" work by Plaintiff was *de minimis* and thus not compensable.

4

5  | **SEVENTH AFFIRMATIVE DEFENSE**

6          As a further and separate affirmative defense, and without admission that any

7  damage has been sustained, KSRSS alleges that it is entitled to an offset against any

8  relief claimed by Plaintiff for wages KSRSS has paid Plaintiff and purported class

9  members for time not worked or that otherwise is not required under state and/or

10 federal law.

11

12 | **EIGHTH AFFIRMATIVE DEFENSE**

13         As a further and separate affirmative defense, KSRSS alleges that the

14 Amended Complaint and each of its purported causes of action are barred by the

15 doctrine of res judicata to the extent that any member of the purported class pursued

16 and resolved to final judgment any claim alleged in the Amended Complaint.

17

18 | **NINTH AFFIRMATIVE DEFENSE**

19         As a further and separate affirmative defense, KSRSS alleges that Plaintiff's

20 damages, if any, were proximately caused or contributed to by the acts, omissions

21 or wrongful conduct of persons or entities over whom/which KSRSS had no control

22 and over whom/which KSRSS can have no responsibility or liability.

23

24 | **TENTH AFFIRMATIVE DEFENSE**

25         As a further and separate affirmative defense, KSRSS alleges that the

26 Amended Complaint and each of its purported causes of action are barred by

27 Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed

28 damages.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8653674.1

KSRSS' ANSWER TO COMPLAINT

1

### ELEVENTH AFFIRMATIVE DEFENSE

2          As a further and separate affirmative defense, KSRSS alleges that the

3 Amended Complaint and each of its purported causes of action are barred by the

4 doctrine of laches as Plaintiff unreasonably delayed in bringing this action without

5 good cause therefore, and thereby prejudiced KSRSS.

6

7

### TWELFTH AFFIRMATIVE DEFENSE

8          As a further and separate affirmative defense, KSRSS alleges that Plaintiff's

9 Amended Complaint fails to state a claim upon which relief can be granted because

10 Plaintiff received proper payment for all time worked for KSRSS.

11

12

### THIRTEENTH AFFIRMATIVE DEFENSE

13          As a further and separate affirmative defense, KSRSS alleges that plaintiff's

14 Amended Complaint fails to state facts sufficient to constitute a cause of action

15 because the hours claimed are not "hours worked" within the meaning of the

16 applicable Insurance Welfare Commission orders.

17

18

### FOURTEENTH AFFIRMATIVE DEFENSE

19          As a further and separate affirmative defense, and merely for purposes of

20 stating this defense without admission that any damage has been sustained, KSRSS

21 alleges that Plaintiff has an adequate remedy at law, so that equitable, declaratory,

22 or injunctive relief would not be appropriate.

23

### FIFTEENTH AFFIRMATIVE DEFENSE

24          As a further and separate affirmative defense, KSRSS alleges that Plaintiff is

25 estopped from pursuing the Amended Complaint and each of its purported causes

26 of action by reason of her own actions and course of conduct.

27 / / /

28 / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

## **SIXTEENTH AFFIRMATIVE DEFENSE**

2       As a further and separate affirmative defense, and without admission of any

3  violation of law, KSRSS alleges that any failure to pay wages or overtime was not

4  willful and therefore the Amended Complaint fails to state a claim for penalties

5  under the California Labor Code, for a three-year limitations period under the

6  FLSA or for liquidated damages under the FLSA.

7

8

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

9       As a further and separate affirmative defense, KSRSS alleges, to the extent

10  that Plaintiff requests statutory penalties under the California Labor Code, Plaintiff

11  is barred from recovering such penalties because Plaintiff did not timely exhaust the

12  administrative remedies as required and/or otherwise failed to comply with all the

13  statutory prerequisites to bring suit under the California Labor Code Private

14  Attorney General Act of 2004. Cal. Lab. Code § 2699, et. seq.

15

16

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

17       Discovery in this matter may reveal bases for an avoidance or affirmative

18  defense. KSRSS reserves the right to amend this answer to plead such affirmative

19  defenses should they be discovered.

20

21       **WHEREFORE,** KSRSS prays as follows:

22       1.      That certification as a collective action under the FLSA be denied;

23       2.      That class certification be denied;

24       3.      That Plaintiff take nothing by her Amended Complaint;

25       4.      That Plaintiff's Amended Complaint herein be dismissed in its entirety

26  with prejudice;

27       5.      That judgment be entered for KSRSS;

28       6.      That KSRSS recover their costs of suit herein, including their

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    reasonable attorneys' fees; and

2         7.    That the court award such other and further relief as it deems

3    appropriate.

4

5    Dated: March 26, 2008                    SNELL & WILMER L.L.P.

6

7                                   By:          s/Frank Cronin

8                                        Frank Cronin
                                         Erin Denniston
9                                        Attorneys for Defendant
                                         KSRSS, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8653674.1

KSRSS' ANSWER TO COMPLAINT