Counsel listed on next page

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Meade, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiff,<br><br>v.<br><br>Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc., and Retail Store Services, LLC, and KSRSS, Inc.<br><br>Defendants. | **Case No.: C-07-5239-SI**<br><br>**JOINT CASE MANAGEMENT STATEMENT, FRCP 26(F) REPORT AND [PROPOSED] ORDER**<br><br>Date: April 18, 2008<br>Time: 2:30 p.m.<br>Judge: Hon. Susan Illston<br><br>Date Action Filed: October 12, 2007 |

1

2  Matthew C. Helland, CA State Bar No. 250451
   Helland@nka.com
3  NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
4  San Francisco, CA 94111
   Telephone: 415-277-7235
5  Facsimile: 415-277-7238

6  Donald H. Nichols, MN State Bar No. 78918*
   Nichols@nka.com
7  Paul J. Lukas, MN State Bar No. 22084X*
   Lukas@nka.com
8  Matthew H. Morgan, MN State Bar No. 304657*
   Morgan@nka.com
9  David C. Zoeller, MN State Bar No. 0387885*
   NICHOLS KASTER & ANDERSON, PLLP
10 4600 IDS Center
   80 S. 8th Street
11 Minneapolis, MN 55402
   Telephone: 612-256-3200
12 Facsimile: 612-215-6870
   * admitted *pro hac vice*

13 ATTORNEYS FOR PLAINTIFFS

14 BRIDGES & BRIDGES
   Harold A. Bridges, SBN 93560
15 Maj-Le Tate Bridges, SBN 179522
   466 Foothill Boulevard, Suite 394
16 La Canada, CA 91011
   Telephone: 626-304-2836
17 Facsimile:  626-628-0465
   drew@bridges-law.com
18 majle@bridges-law.com

19 ATTORNEYS FOR DEFENDANTS
   ADVANTAGE SALES & MARKETING, LLC,
20 ADVANTAGE SALES & MARKETING, INC.,
   RETAIL STORE SERVICES, LLC
21
   SNELL & WILMER, LLP
22 Frank Cronin, SBN 69840
   Erin A. Denniston, SBN 247785
23 600 Anton Boulevard, Suite 1400
   Costa Mesa, CA 92626
24 Telephone: 714-427-7000
   Facsimile: 714-427-7799
25 fcronin@swlaw.com
   edenniston@swlaw.com
26
   ATTORNEY FOR DEFENDANT
27 KSRSS, INC.

28

The parties to the above-entitled action jointly submit this Case Management Statement, Rule 26(f) Report and Proposed Order and request the Court to adopt it as its Case Management Order in this case.[1]

1. **Jurisdiction and Service:**  The parties agree that the Court has subject matter jurisdiction over Plaintiff Jennifer Meade's and putative plaintiffs' (collectively "each Plaintiff" or "Plaintiffs") claims pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq.  The parties agree that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2. **Facts:**  Defendants inform Plaintiffs that on October 1, 2005, Retail Store Services Inc. (now KSRSS, Inc., a Defendant in this case) sold substantially all of its assets to Defendant Retail Store Services LLC (formerly RSS Acquisition Sub LLC), a wholly owned subsidiary of Defendant Advantage Sales & Marketing LLC.  Concurrent with this sale, KSRSS, Inc. ceased to operate the business and Retail Store Services LLC ( "RSS") first commenced operation of its business.  Defendants Advantage Sales & Marketing Inc. and Advantage Sales & Marketing LLC deny ever being employers of Plaintiffs.  Plaintiffs are investigating this information but, for the present, continue to allege that all of the currently named defendants are employers of Plaintiffs for the last four years.  Without prejudice to these allegations or defenses, the parties agree that Plaintiff Jennifer Meade and members of the putative class are or were merchandising representatives for Defendants at various times during the applicable statutory period.  On or about May 29, 2006, RSS classified merchandising representatives as non-exempt employees under the FLSA. Prior to May 29, 2006, Plaintiffs allege that Defendants misclassified merchandising representatives as exempt employees not eligible for overtime compensation. During the applicable statute of limitations period, Plaintiffs allege that they regularly worked

---

[1] The items listed first follow Judge Illston's Standing Order for Case Management Conferences and then address any items not otherwise discussed per the Standing Order for Joint Case Management Statements for All Judges of the Northern District of California.

-3-

more than forty hours per week and/or worked without receiving compensation in violation of the FLSA and California state law.

### 3. **Factual Issues in Dispute:**

- The number of hours worked per day or per week by each Plaintiff.
- The number of hours worked per day or per week by each Plaintiff for which they were not paid irrespective of whether such work was considered overtime.
- Whether Defendants maintained accurate records of hours worked by Plaintiffs.
- Whether Defendants had knowledge of any unpaid overtime worked by Plaintiffs.
- Whether Defendants had knowledge of any unpaid work by Plaintiffs.
- Whether Defendants appropriately compensated any work (whether overtime or otherwise) performed by Plaintiffs.
- Whether Defendants provided accurate, itemized wage statements.
- Whether Defendants paid each terminated Plaintiff all wages due at their termination of employment.
- The amount of damages, if any, suffered by Plaintiffs.

### 4. **Legal Issues in Dispute**

- Whether notice of this collective action should be provided to putative class members pursuant to Hoffmann La-Roche, Inc. v. Sperling, 493 U.S. 165 (1989).
- Whether Defendants Advantage Sales & Marketing Inc. and Advantage Sales & Marketing LLC are proper defendants.
- Whether it was appropriate to classify Plaintiffs as exempt employees during the applicable statutory period.
- If liability is found, whether the failure to pay overtime, if legally owed, or other lawfully owed wages to Plaintiffs was willful.

-4-

- Whether Defendants acted in good faith and/or had reasonable grounds for believing that they paid all sums considered to be legally due to Plaintiffs.
- Whether a collective and/or class action certification is appropriate in this case.
- Entitlement to and, if so entitled, the amount of penalties claimed by Plaintiffs.
- Entitlement to and, if so entitled, the amount of attorneys' fees awarded to Plaintiffs.

**5.** **Issues That Can Be Narrowed by Agreement:** The parties agree that they will try to resolve this case through mediation after the necessary discovery has been conducted; appropriate notice, if any, to all those similarly situated has been provided; and, if this action is certified as a collective action, such individuals have had an opportunity to opt-in or file a consent to join this lawsuit.

**6.** **Motions Anticipated by Parties:** Shortly after this Report is filed, Plaintiffs intend to bring a motion for conditional class certification. Assuming conditional certification is granted, the parties anticipate that a motion for decertification may be brought by Defendants. If Defendants do not acknowledge Plaintiffs were misclassified before May 29, 2006, then Plaintiffs at the very least anticipate bringing a motion for partial summary judgment on that issue. If Plaintiffs do not request dismissal of Defendants Advantage Sales & Marketing Inc. and Advantage Sales & Marketing LLC, then these Defendants, at the very least, anticipate bringing a motion for summary judgment/partial summary judgment as to them.

**7.** **Relief Sought by Plaintiffs:** Plaintiffs are seeking to recover overtime compensation for work performed over 40 hours a week or regular compensation for worked performed that Defendants failed to pay at all under the FLSA and California state law. Plaintiffs also seek liquidated damages under the FLSA and waiting time and wage statement penalties under California state law. Plaintiffs are unable to specify the amount of damages, but anticipate the total will exceed $1 million dollars. Damages are computed based upon a standard formula,

-5-

wherein Plaintiffs receive 1.5 or 2 times Plaintiffs' regular rate of pay, multiplied by Plaintiffs' hours of overtime worked. With regard to time worked for which Plaintiffs were not paid at all, computation of the damage figure will depend on whether such time is overtime or regular time. On the California state law claims, the waiting time penalties, for terminated Plaintiffs, are codified by statute and provide, in appropriate circumstances, for payment of up to 30 days worth of wages after termination of employment. The penalties for an employer's failure to provide accurate wage statements is also codified and, in appropriate circumstances, provides recovery of the greater of Plaintiff's actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

**8.    Discovery:** Each party intends to serve written discovery and take depositions. Plaintiffs served their first set of written discovery and a Rule 30(b)(6) Deposition of RSS is scheduled for April 17, 2008. While the parties do not agree that discovery may proceed simultaneously on class and merits issues across the board prior to Plaintiffs' success (if any) on a motion under <u>Hoffmann La-Roche, Inc. v. Sperling</u>, 493 U.S. 165 (1989), without waiver of objections and in an effort to maximize efficiency and economy, the parties are engaging in class and merits discovery and have agreed that when feasible, they will engage in informal discovery to save on costs and time associated with this litigation. Plaintiffs agree that Defendants can take discovery of, including the depositions of all opt-in Plaintiffs, without leave of court.

The parties agree on the following discovery schedule:

- All discovery shall be commenced to be completed by February 13, 2009.
- Plaintiffs' expert witness disclosures should be made by January 9, 2009
- Defendants' expert witness disclosures should be made by January 26, 2009.
- Expert discovery should be completed by February 27, 2009.

-6-

- Plaintiffs propose that they must file their motion for class certification by February 13, 2009.

The parties believe that a discovery order and conference under Rule 26(f) is unnecessary at this time, but that the discovery deadlines proposed herein should be adopted as part of this Court's Scheduling Order for the case.

**9.     Case Suitable for Arbitration or MDL:**  Plaintiffs do not believe this case is suitable for binding arbitration, should not be referred to a Special Master or Magistrate for trial, or to MDL.

**10.    Trial:**  Plaintiffs have requested a jury trial in this action.  The parties anticipate the length of the trial to be 2-3 weeks.  The parties anticipate that it may be possible to reduce the length of the trial by stipulation, use of summaries or statements, or some other expedited means of presenting evidence.  The parties believe that it is premature to make determinations now, but will continue to explore ways to do so as the case proceeds.  Plaintiffs do not believe at this time that the issues at trial should be bifurcated, but depending on how the evidence develops and whether the class is certified, it may be appropriate to reconsider bifurcation as trial approaches.

**11.    Related Cases:**  The parties do not believe there are any related cases pending before other judges of this Court.

**12.    Class Certification:**  Because there is a Rule 23 class component to this case, the parties anticipate that the issue of class certification will be decided by motion no later than February 13, 2009.

**13.    Earliest dates for Discovery cutoff, Pretrial Conference and Trial:**  The proposed discovery deadlines are set forth in paragraph 8 above.  The parties believe that the Pretrial Conference should occur approximately two months after the discovery deadline of February 13, 2009 or on or about April 17, 2009, and that the Trial date should be several weeks after the Pretrial Conference or sixty days following the dispositive motion deadline.

**14.    Prospects for Settlement:**  The parties discussed settlement during the 26(f) conference.

The parties filed its Stipulation on ADR indicating their desire to try to resolve this lawsuit through private mediation. The Court has entered an order, in accordance with the parties' stipulation, referring the matter to private ADR to be completed within 30 days of the completion of discovery.

**15.    Amendment of Pleadings:** Plaintiffs may seek to amend the pleadings to add additional state law claims depending on the residences of the Plaintiffs who opt-in to the lawsuit and whether inclusion of such claims adds additional benefit than what is already provided under the FLSA to such Plaintiffs.

**16.    Evidence Preservation:** On November 9, 2007, Plaintiffs sent Defendants other than KSRSS, Inc. a letter requesting all evidence, including electronic evidence, be preserved and referencing the current ABA rules on electronic evidence.

**17.    Disclosures:** Plaintiffs served their initial disclosures on December 27, 2007. Defendants other than KSRSS, Inc. served their initial disclosures concurrent with the filing of the original Joint Statement and Report.

**18.    Expedited Schedule:** The parties do not believe this case should be on an expedited schedule, but will work toward litigating the issues as efficiently as they are able.

**19.    Scheduling:** In addition to the deadlines listed above, the parties proposed a dispositive motion filing deadline of April 3, 2009.

**20.    Disclosure of Non-party Interested Entities or Persons:** Defendant filed its Disclosure on November 6, 2007. Plaintiffs through their Complaint and Consent Forms have identified their financial interest in this lawsuit. Plaintiffs restate that as parties they have a financial interest in this proceeding.

Dated: April 16, 2008                          s/ David C. Zoeller

|   |   |
|---|---|
|   | **NICHOLS KASTER & ANDERSON, PLLP**<br>Donald H. Nichols, MN State Bar No. 78918*<br>Nichols@nka.com<br>Paul J. Lukas, MN State Bar No. 22084X*<br>Lukas@nka.com<br>Matthew H. Morgan, MN State Bar No. 304657*<br>Morgan@nka.com<br>David C. Zoeller, MN State Bar No. 0387885*<br>4600 IDS Center<br>80 S. 8th Street<br>Minneapolis, MN 55402<br>* admitted *pro hac vice*<br><br>**NICHOLS KASTER & ANDERSON, LLP**<br>Matthew C. Hallend, CA State Bar No. 250451<br>Helland@nka.com<br>One Embarcadero Center<br>Ste. 720<br>San Francisco, CA 94111<br><br>ATTORNEYS FOR PLAINTIFFS |
| Dated:  April 16, 2008 | s/ Harold A. Bridges<br>**BRIDGES & BRIDGES**<br>Harold A. Bridges, CA State Bar No. 93560<br>drew@bridges-law.com<br>Maj-Le Tate Bridges, CA State Bar No. 179522<br>majle@bridges-law.com<br>4660 Foothill Boulevard, #394<br>La Canada, CA 91011<br><br>ATTORNEYS FOR DEFENDANTS<br>ADVANTAGE SALES & MARKETING, LLC,<br>ADVANTAGE SALES & MARKETING, INC.,<br>RETAIL STORE SERVICES, LLC |
| Dated:  April 16, 2008 | s/ Frank Cronin<br>**SNELL & WILMER, LLP**<br>Frank Cronin, SBN 69840<br>fcronin@swlaw.com<br>Erin A. Denniston, SBN 247785<br>edenniston@swlaw.com<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626<br><br>ATTORNEYS FOR DEFENDANT KSRSS, INC. |

**[PROPOSED] CASE MANAGEMENT ORDER**

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:**

*[The Court may wish to make additional orders, such as:*

*a.      Referral of the parties to court or private ADR process;*

*b.      Schedule a further Case Management Conference;*

*c.      Schedule the time and content of supplemental disclosures;*

*d.      Specially set motions;*

*e.      Impose limitations on disclosure or discovery;*

*f.      Set time for disclosure of identity, background and opinions of experts;*

*g.      Set deadlines for completing fact and expert discovery;*

*h.      Set time for parties to meet and confer regarding pretrial submissions;*

*i.      Set deadlines for hearing motions directed to the merits of the case;*

*j.      Set deadline for submission of pretrial material;*

*k.      Set date and time for pretrial conference;*

*l.      Set a date and time for trial.]*

Dated: _____     _____
                                            The Honorable Susan Illston
                                            United States District Court Judge