Counsel listed on next page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER MEADE, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANTAGE SALES & MARKETING LLC; ADVANTAGE SALES & MARKETING INC., RETAIL STORE SERVICES LLC, and KSRSS, INC.,<br><br>Defendants. | Case No: C-07-5239-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

```
 1  Matthew C. Helland, CA State Bar No. 250451
    Helland@nka.com
 2  NICHOLS KASTER & ANDERSON, LLP
    One Embarcadero Center, Ste. 720
 3  San Francisco, CA 94111
    Telephone: 415-277-7235
 4  Facsimile: 415-277-7238

 5  Donald H. Nichols, MN State Bar No. 78918*
    Nichols@nka.com
 6  Paul J. Lukas, MN State Bar No. 22084X*
    Lukas@nka.com
 7  Matthew H. Morgan, MN State Bar No. 304657*
    Morgan@nka.com
 8  NICHOLS KASTER & ANDERSON, PLLP
    4600 IDS Center
 9  80 S. 8th Street
    Minneapolis, MN 55402
10  Telephone: 612-256-3200
    Facsimile: 612-215-6870
11  * admitted pro hac vice

12  ATTORNEYS FOR PLAINTIFFS

13  BRIDGES & BRIDGES
    Harold A. Bridges, CA State Bar No. 93560
14  Maj-le Tate Bridges, CA State Bar No. 179522
    466 Foothill Boulevard, Suite 394
15  La Canada, CA 91011
    Telephone: 626-304-2836
16  Facsimile: 626-628-0465
    drew@bridges-law.com
17  majle@bridges-law.com

18  ATTORNEYS FOR DEFENDANTS Advantage Sales & Marketing, Inc., Advantage Sales &
    Marketing LLC and Retail Store Services LLC
19
    SNELL & WILMER
20  Frank Cronin CA State Bar No. 69840
    Erin A. Denniston, CA State Bar No. 247785
21  600 Anton Blvd., Suite 1400
    Costa Mesa, CA 92626-7689
22  (714) 427-7010 direct dial
    (714) 427-7000 general office
23  (714) 427-7799 fax
    fcronin@swlaw.com
24
    ATTORNEYS FOR DEFENDANT KSRSS, Inc
25

26

27

28
```

Case No. C-07-5239-SI                              -2-

**STIPULATED PROTECTIVE ORDER**

1      WHEREAS this action is brought under the Fair Labor Standards Act and certain California labor statutes, and pleadings in this matter place at issue confidential employee information;

     Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

**1. DEFINITIONS.**

    a.   **"Confidential."** In connection with the discovery proceedings in this action, the parties may designate any document or information derived therefrom as "Confidential" under the terms of this stipulated protective order ("Order"). Confidential information consists of the following:

        i.   Information which has not been made public and which concerns or relates to the business strategies, operations, procedures or plans of any party, the disclosure of which may have the effect of causing harm to the competitive positions of the person, firm, partnership, corporation, limited liability company or to the organization from which the information was obtained;

        ii.   Information which has not been made public and which concerns the private financial, business, employment or other personal affairs (e.g., residential address, social security number, telephone numbers) of any person.

     Information which has been made public may not be designated as Confidential.

    b.   **"Attorneys' Eyes Only."** Information may be designated "Attorneys' Eyes Only" when it contains confidential information which would put the producing person or entity at a competitive disadvantage if the information became known to the receiving party. Such information may include, but is not limited to: technical trade secrets such as information relating to product development information; confidential business information such as customer lists, potential customers and marketing surveys, marketing plans or strategies; or non-public financial information or projections, including without limitation, sales, profits, liabilities, and asset information. Information also may be designated as "Attorneys' Eyes Only" if required by

-3-

a prior court order or by agreement with a third party that requires such treatment. Information which has been made public may not be designated as Attorneys' Eyes Only.

**2. DESIGNATION OF MATERIAL.**

   a. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Any party to this action, through its counsel, may designate any document it is producing containing Confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by marking each page so designated at the time when the document containing the information is first produced, served, or otherwise disclosed with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable. Stamping the cover of any multi-page document shall designate all pages of the documents, unless otherwise indicated by the designating party, but only if the entire document is produced in bound or otherwise intact manner. The failure to mark a document or thing in accordance with this Order shall not preclude any party desiring to designate the document or thing thereafter from marking the document or thing and requesting, in writing, the receiving party to so mark and treat the document or thing in accordance with this Order. Thereafter, the document or thing shall be fully subject to this Order, but the receiving party shall have no liability for any disclosures made prior to such designation.

   b. Any party to this action, through its counsel, may designate any document containing Confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, that is produced by another party by informing all counsel in writing within ten calendar days of service of the document of the bates-numbers of each page containing such information. To the extent that documents are produced prior to the entry of this Order, documents may be so designated by informing all counsel in writing within ten calendar days of the entry of this order.

-4-

Case No. C-07-5239-SI

**STIPULATED PROTECTIVE ORDER**

    c.    Any deposition testimony in this litigation, or any portion thereof, may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by any party before or at the time of the deposition by the party's counsel or by the deponent in accordance with the following procedure:

        i.    At the deposition;

        ii.    After the deposition, provided such designation is made in writing to opposing counsel within 10 calendar days of receipt of the official deposition transcript; all deposition testimony shall be treated as "CONFIDENTIAL" until the 10 calendar day period has expired.

    d.    To the extent that deposition testimony concerns any Confidential documents or subjects designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," by any party, arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

    e.    Counsel's treatment of designated documents or information in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary and/or confidential information of any other party. The designation of information as being "CONFIDENTIAL" pursuant to this Order shall not, in substantive proceedings in this action, excuse or relieve the designating party from the burden of proof imposed by the relevant substantive law.

    f.    This Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground.

**3.    USE OF CONFIDENTIAL MATERIAL.**

    a.    Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part

-5-

Case No. C-07-5239-SI

**STIPULATED PROTECTIVE ORDER**

from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court and to counsel for a party, including the paralegal, clerical and secretarial staff employed by such counsel. Counsel who obtain Confidential Material shall not disclose it to anyone other than the following persons:

    i.    The parties, including all opt-in Plaintiffs, and representatives of a party who are responsible for assisting counsel in the mediation, preparation for trial or settlement of this case;

    ii.    Employees of such counsel;

    iii.    Independent experts, consultants and other independent contractors actually retained or employed to consult with, advise or assist counsel in mediation, or the preparation for trial of this case or any persons actually consulted or contacted by counsel for any party in connection with the mediation or preparation for trial of this case;

    iv.    Persons who are being prepared by counsel to give testimony at a deposition, or who are being examined by counsel at a deposition; and

    v.    Court personnel, including stenographic reporters engaged in proceedings necessarily incident to any pre-trial proceedings.

b.    Before counsel for any party discloses any Confidential Material to any person pursuant to the provisions of this paragraph (except (i) and (ii)), counsel shall provide the person to whom the disclosure is to be made with a copy of this Protective Order, advise the person of the substance of this Order and the possible penalties for violating this Order, and advise that person that they are bound by this Order. All persons who obtain Confidential Material pursuant to this paragraph shall be prohibited from disclosing any Confidential Material to anyone except as permitted by further order of this Court or written agreement of all counsel. Except as provided above, the persons described in Paragraphs (iii) through (v.) shall have access to Confidential Material only after having been made aware of the provisions of this Order and having

-6-

Case No. C-07-5239-SI
**STIPULATED PROTECTIVE ORDER**

acknowledged their assent to be bound by executing and delivering a copy of the "Confidentiality Agreement" (attached as Exhibit A to this Order), or so stating under oath and on the record.

4. **USE OF ATTORNEYS' EYES ONLY MATERIAL.**

   a. Material designated as Attorneys' Eyes Only under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as Attorneys' Eyes Only (hereinafter "Attorneys' Eyes Only Material") shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose. Attorneys' Eyes Only Material produced pursuant to this Order may be disclosed or made available only to the Court and to counsel for a party, including the paralegal, clerical and secretarial staff employed by such counsel, and in-house counsel and paralegals with responsibility for the matter. Counsel or in-house counsel/paralegals who obtain Attorneys' Eyes Only Material shall not disclose it to anyone other than the following persons:

   i. Employees of such counsel, with the exception of in-house counsel and paralegals with responsibility for the matter;

   ii. Independent experts, consultants and other independent contractors actually retained or employed to consult with, advise or assist counsel in mediation, or the preparation for trial of this case or any persons actually consulted or contacted by counsel for any party in connection with the mediation or preparation for trial of this case;

   iii. Persons who are being examined by counsel at a deposition, with respect to information produced by that person or, in the case of an individual, that person's current employer; and

   iv. Court personnel, including stenographic reporters engaged in proceedings necessarily incident to any pre-trial proceedings.

   b. Before counsel for any party discloses any Attorneys' Eyes Only Material to any person pursuant to subparagraphs ii-iv of this paragraph, counsel shall provide the person to whom the disclosure is to be made with a copy of this Protective Order, advise the person of the substance

-7-

Case No. C-07-5239-SI
**STIPULATED PROTECTIVE ORDER**

of this Order and the possible penalties for violating this Order, and advise that person that they are bound by this Order. All persons who obtain Attorneys' Eyes Only Information pursuant to this paragraph shall be prohibited from disclosing any Attorneys' Eyes Only Information to anyone except as permitted by further order of this Court or written agreement of all counsel. Except as provided above, the persons described in Paragraphs (ii) through (iv) shall have access to Attorneys' Eyes Only Information only after having been made aware of the provisions of this Order and having acknowledged their assent to be bound by executing and delivering a copy of the "Confidentiality Agreement" (attached as Exhibit A to this Order), or so stating under oath and on the record.

5. **PRESENTATION OF MATERIAL TO COURT.**

　　a.　If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorneys' Eyes Only, is included in any papers to be filed in court, such papers shall be labeled as "Confidential—Subject to Court Order" and filed under seal in a sealed envelope (or other appropriate sealed container) until further order of this Court.

　　b.　In the event that any Confidential Material is used in any court proceedings in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

6. **CHALLENGING A DESIGNATION OF CONFIDENTIALITY or ATTORNEYS' EYES ONLY**

　　a.　A party shall not be obligated to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be determinative of that material's status as information suitable for protection from disclosure.

　　b.　All challenges to the propriety of a confidentiality designation of a document, page, or transcript, or a portion of a document, page or transcript shall be first made in writing by a letter or other document identifying the specific material challenged. The party challenging

-8-

such designation shall serve on all other parties a captioned Notice of Objection, which shall identify with particularity the designated materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). In the Notice of Objection, each challenged document shall be identified individually. Within fourteen (14) days of such a challenge, the designating party shall substantiate the basis for such designation in writing to the other party, or forever waive the protection of this Order with respect to the challenged information.

    c.    If the confidentiality of any material is challenged, the parties shall try first to resolve such dispute in good faith on an informal basis. If informal resolution is not possible, the party asserting confidentiality of the document or the designation of such documents shall bring a motion before the court no later than 30 days from the service date of the Notice of Objection, to have the document designated as Confidential or Attorneys' Eyes Only Material, with notice to all parties and upon a showing of good cause. "Good cause" shall refer, *inter alia*, to appropriate grounds for claiming and establishing an applicable privilege under federal and California law or other reason(s) why the confidential information should be so designated. In the event that a party serves a Notice of Objection under this paragraph, all parties shall continue to treat the information or materials in question as confidential in accordance with the designation until such time as the parties agree to a resolution of the challenged designation, or the Court has ruled on the motion.

    d.    This Order shall be without the prejudice to the right of the parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

7.    **APPLICABILITY OF THIS PROTECTIVE ORDER.**

    a.    This order shall apply to all pre-trial activity in this matter, including, but not necessarily limited to, discovery, mediation, conditional class certification, class certification,

consultation with consultants or experts, preparation for trial and/or settlement of this case. The parties anticipate that they will negotiate and prepare a new Stipulated Protective Order to define the parameters for use of Confidential and Attorneys' Eyes Only documents and information to be used in the trial and post-trial proceedings in this matter.

**8.    MISCELLANEOUS PROVISIONS.**

a.    This order shall survive the final termination of this action to the extent that the Confidential or Attorneys' Eyes Only Material is not, and does not, become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, and upon request of the designating party, counsel for the parties shall assemble all documents, materials and deposition transcripts designated as Confidential or Attorneys' Eyes Only and all copies of same, and shall either deliver such Materials to opposing counsel or destroy such Materials. The designating party shall be entitled to receive, upon request, a declaration signed by the delivering/destroying party setting forth that any and all such Confidential Materials have been delivered and/or destroyed. Notwithstanding the forgoing, counsel may retain one complete file of the litigation, including documents and deposition transcripts designated as confidential and including work product, notes, memoranda and correspondence containing such information, *provided, however*, that the Material is maintained in accordance with paragraphs 3 and 4, above.

b.    In the event the Court does not approve this stipulation, all Confidential or Attorneys' Eyes Only Material previously produced shall be immediately returned to the producing party, unless the Court orders otherwise or the parties otherwise agree.

c.    Any party receiving a subpoena duces tecum or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of documents, or the disclosure of information designated by another party as confidential and subject to this Order, shall notify the designating party in writing of receipt of the process or order within three business days of the receipt thereof, and shall not produce the

-10-

Case No. C-07-5239-SI

**STIPULATED PROTECTIVE ORDER**

information until the designating party has had reasonable time to object or take other appropriate steps to protect the information.

      d.    This Protective Order is subject to further order of the Court and may be modified if deemed appropriate and necessary by the Court. Plaintiff, defendants and their respective counsel hereby consent to the making of any entry of the foregoing Order.

      e.    This stipulation may be executed in counterparts.

IT IS SO STIPULATED.

DATED: July 2, 2008

/s Matthew H. Morgan
Matthew H. Morgan
NICHOLS KASTER & ANDERSON LLP
Attorney for Plaintiffs


/s Harold A. Bridges
Harold A. Bridges
BRIDGES & BRIDGES
Attorney for Defendants Advantage Sales &
Marketing, Inc., Advantage Sales & Marketing LLC
and Retail Store Services LLC


/s Frank Cronin
Frank Cronin
SNELL & WILMER
Attorney for Defendant KSRSS, Inc.


The above Stipulated Protective Order is approved by the Court.

**IT IS SO ORDERED**


DATED: _____        _____
                                            HONORABLE SUSAN ILLSTON
                                            United States District Judge

## "EXHIBIT A"

## CONFIDENTIALITY AGREEMENT

I, _____, do solemnly swear that I am fully aware with the terms of the Stipulated Protective Order entered in <u>Jennifer Meade v. Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc., Retail Store Services, LLC, and KSRSS, Inc.</u>, United States District Court for the Northern District of California, Civil Action No. C-07-5239-SI, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this Order.

DATED: _____

SIGNED: _____

## CERTIFICATE OF SERVICE

### Meade, et al. v. Retail Store Service, LLC, et al.

### Case No. C-07-5239-SI

I hereby certify that on July 7, 2008, I caused the following document: **STIPULATED PROTECTIVE ORDER** to be served via ECF to the following:

Nicholas Kaster & Anderson, LLP

    Matthew C. Helland - Helland@nka.com

    Paul J. Lukas – Lukas@nka.com

    Matthew H. Morgan – Morgan@nka.com

    Donald H. Nichols – Nichols@nka.com

Snell & Wilmer

    Frank Cronin – fcronin@swlaw.com

DATED: July 7, 2008                        BRIDGES & BRIDGES

                                      By:   s/Harold A. Bridges
                                           HAROLD A. BRIDGES
                                           Attorneys for Defendants ADVANTAGE SALES & MARKETING INC., ADVANTAGE SALES & MARKETING LLC, and RETAIL STORE SERVICES LLC