1   Counsel listed on next page

2

3

4

5

6

7

8

9           UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11            SAN FRANCISCO DIVISION

12

13

14   JENNIFER MEADE, individually, on behalf    Case No: C-07-5239-SI
     of all others similarly situated, and on behalf
     of the general public,

15                                               **STIPULATED PROTECTIVE ORDER**

16              Plaintiffs,

17         vs.

18   ADVANTAGE SALES & MARKETING
     LLC; ADVANTAGE SALES &
19   MARKETING INC., RETAIL STORE
     SERVICES LLC, and KSRSS, INC.,

20

21              Defendants.

22

23

24

25

26

27

28                              -1-

1  Matthew C. Helland, CA State Bar No. 250451
   Helland@nka.com
2  NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
3  San Francisco, CA 94111
   Telephone: 415-277-7235
4  Facsimile: 415-277-7238

5  Donald H. Nichols, MN State Bar No. 78918*
   Nichols@nka.com
6  Paul J. Lukas, MN State Bar No. 22084X*
   Lukas@nka.com
7  Matthew H. Morgan, MN State Bar No. 304657*
   Morgan@nka.com
8  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
9  80 S. 8th Street
   Minneapolis, MN 55402
10 Telephone: 612-256-3200
   Facsimile: 612-215-6870
11 * admitted *pro hac vice*

12 ATTORNEYS FOR PLAINTIFFS

13 BRIDGES & BRIDGES
   Harold A. Bridges, CA State Bar No. 93560
14 Maj-le Tate Bridges, CA State Bar No. 179522
   466 Foothill Boulevard, Suite 394
15 La Canada, CA 91011
   Telephone: 626-304-2836
16 Facsimile:  626-628-0465
   drew@bridges-law.com
17 majle@bridges-law.com

18 ATTORNEYS FOR DEFENDANTS Advantage Sales & Marketing, Inc., Advantage Sales &
   Marketing LLC and Retail Store Services LLC
19
   SNELL & WILMER
20 Frank Cronin CA State Bar No. 69840
   Erin A. Denniston, CA State Bar No. 247785
21 600 Anton Blvd., Suite 1400
   Costa Mesa, CA 92626-7689
22 (714) 427-7010 direct dial
   (714) 427-7000 general office
23 (714) 427-7799 fax
   fcronin@swlaw.com
24
   ATTORNEYS FOR DEFENDANT KSRSS, Inc
25

26

27

28
                                          -2-
                            **STIPULATED PROTECTIVE ORDER**

1    WHEREAS this action is brought under the Fair Labor Standards Act and certain

2    California labor statutes, and pleadings in this matter place at issue confidential employee

3    information;

4    Subject to the approval of this Court, the parties hereby stipulate to the following

5    protective order:

6    **1.    DEFINITIONS.**

7    a.    **"Confidential."**   In connection with the discovery proceedings in this action, the

8    parties may designate any document or information derived therefrom as "Confidential" under

9    the terms of this stipulated protective order ("Order").   Confidential information consists of the

10    following:

11    i.    Information which has not been made public and which concerns or

12    relates to the business strategies, operations, procedures or plans of any party, the disclosure of

13    which may have the effect of causing harm to the competitive positions of the person, firm,

14    partnership, corporation, limited liability company or to the organization from which the

15    information was obtained;

16    ii.    Information which has not been made public and which concerns the

17    private financial, business, employment or other personal affairs (e.g., residential address, social

18    security number, telephone numbers) of any person.

19    Information which has been made public may not be designated as Confidential.

20    b.    **"Attorneys' Eyes Only."** Information may be designated "Attorneys' Eyes Only"

21    when it contains confidential information which would put the producing person or entity at a

22    competitive disadvantage if the information became known to the receiving party.   Such

23    information may include, but is not limited to:  technical trade secrets such as information

24    relating to product development information; confidential business information such as customer

25    lists, potential customers and marketing surveys, marketing plans or strategies; or non-public

26    financial information or projections, including without limitation, sales, profits, liabilities, and

27    asset information.  Information also may be designated as "Attorneys' Eyes Only" if required by

28

-3-

Case No. C-07-5239-SI

**STIPULATED PROTECTIVE ORDER**

1    a prior court order or by agreement with a third party that requires such treatment. Information

2    which has been made public may not be designated as Attorneys' Eyes Only.

3    **2.    DESIGNATION OF MATERIAL.**

4         a.    By designating a document, thing, material, testimony or other information

5    derived therefrom as "confidential," under the terms of this order, the party making the

6    designation is certifying to the court that there is a good faith basis both in law and in fact for the

7    designation within the meaning of Federal Rule of Civil Procedure 26(g).  Any party to this

8    action, through its counsel, may designate any document it is producing containing Confidential

9    information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by

10   marking each page so designated at the time when the document containing the information is

11   first produced, served, or otherwise disclosed with the legend "CONFIDENTIAL" or

12   "ATTORNEYS' EYES ONLY," as applicable.  Stamping the cover of any multi-page document

13   shall designate all pages of the documents, unless otherwise indicated by the designating party,

14   but only if the entire document is produced in bound or otherwise intact manner.  The failure to

15   mark a document or thing in accordance with this Order shall not preclude any party desiring to

16   designate the document or thing thereafter from marking the document or thing and requesting,

17   in writing, the receiving party to so mark and treat the document or thing in accordance with this

18   Order.  Thereafter, the document or thing shall be fully subject to this Order, but the receiving

19   party shall have no liability for any disclosures made prior to such designation.

20        b.    Any party to this action, through its counsel, may designate any document

21   containing Confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY,"

22   as applicable, that is produced by another party by informing all counsel in writing within ten

23   calendar days of service of the document of the bates-numbers of each page containing such

24   information.  To the extent that documents are produced prior to the entry of this Order,

25   documents may be so designated by informing all counsel in writing within ten calendar days of

26   the entry of this order.

27

28                                  -4-

**STIPULATED PROTECTIVE ORDER**

1       c.     Any deposition testimony in this litigation, or any portion thereof, may be

2 designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by any

3 party before or at the time of the deposition by the party's counsel or by the deponent in

4 accordance with the following procedure:

5       i.     At the deposition;

6       ii.     After the deposition, provided such designation is made in writing to

7 opposing counsel within 10 calendar days of receipt of the official deposition transcript; all

8 deposition testimony shall be treated as "CONFIDENTIAL" until the 10 calendar day period has

9 expired.

10       d.     To the extent that deposition testimony concerns any Confidential documents or

11 subjects designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY,"  by any party,

12 arrangements shall be made with the court reporter taking and transcribing such proceeding to

13 separately bind such portions of the transcript containing information designated as Confidential,

14 and to label such portions appropriately.

15       e.     Counsel's treatment of designated documents or information in conformity with

16 the indicated designation shall not be an admission or agreement by any party that the designated

17 information, in fact or in law, constitutes or contains any proprietary and/or confidential

18 information of any other party.  The designation of information as being "CONFIDENTIAL"

19 pursuant to this Order shall not, in substantive proceedings in this action, excuse or relieve the

20 designating party from the burden of proof imposed by the relevant substantive law.

21       f.     This Order shall not be construed as a waiver by the parties of any objection

22 which might be raised as to the admissibility of any evidentiary material.  This Order shall also

23 be without prejudice to the rights of any person to oppose production of any information on any

24 proper ground.

25 **3.     USE OF CONFIDENTIAL MATERIAL.**

26       a.     Material designated as Confidential under this Order, the information contained

27 therein, and any summaries, copies, abstracts or other documents derived in whole or in part

28

-5-

from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court and to counsel for a party, including the paralegal, clerical and secretarial staff employed by such counsel. Counsel who obtain Confidential Material shall not disclose it to anyone other than the following persons:

  i.  The parties, including all opt-in Plaintiffs, and representatives of a party who are responsible for assisting counsel in the mediation, preparation for trial or settlement of this case;

  ii.  Employees of such counsel;

  iii.  Independent experts, consultants and other independent contractors actually retained or employed to consult with, advise or assist counsel in mediation, or the preparation for trial of this case or any persons actually consulted or contacted by counsel for any party in connection with the mediation or preparation for trial of this case;

  iv.  Persons who are being prepared by counsel to give testimony at a deposition, or who are being examined by counsel at a deposition; and

  v.  Court personnel, including stenographic reporters engaged in proceedings necessarily incident to any pre-trial proceedings.

b.  Before counsel for any party discloses any Confidential Material to any person pursuant to the provisions of this paragraph (except (i) and (ii)), counsel shall provide the person to whom the disclosure is to be made with a copy of this Protective Order, advise the person of the substance of this Order and the possible penalties for violating this Order, and advise that person that they are bound by this Order. All persons who obtain Confidential Material pursuant to this paragraph shall be prohibited from disclosing any Confidential Material to anyone except as permitted by further order of this Court or written agreement of all counsel. Except as provided above, the persons described in Paragraphs (iii) through (v.) shall have access to Confidential Material only after having been made aware of the provisions of this Order and having

-6-

**STIPULATED PROTECTIVE ORDER**

1  acknowledged their assent to be bound by executing and delivering a copy of the

2  "Confidentiality Agreement" (attached as Exhibit A to this Order), or so stating under oath and

3  on the record.

4  **4.     USE OF ATTORNEYS' EYES ONLY MATERIAL.**

5         a.     Material designated as Attorneys' Eyes Only under this Order, the information

6  contained therein, and any summaries, copies, abstracts or other documents derived in whole or

7  in part from material designated as Attorneys' Eyes Only (hereinafter "Attorneys' Eyes Only

8  Material") shall be used only for the purpose of the prosecution, defense or settlement of this

9  action and for no other purpose. Attorneys' Eyes Only Material produced pursuant to this Order

10  may be disclosed or made available only to the Court and to counsel for a party, including the

11  paralegal, clerical and secretarial staff employed by such counsel, and in-house counsel and

12  paralegals with responsibility for the matter. Counsel or in-house counsel/paralegals who obtain

13  Attorneys' Eyes Only Material shall not disclose it to anyone other than the following persons:

14         i.     Employees of such counsel, with the exception of in-house counsel and

15  paralegals with responsibility for the matter;

16         ii.     Independent experts, consultants and other independent contractors

17  actually retained or employed to consult with, advise or assist counsel in mediation, or the

18  preparation for trial of this case or any persons actually consulted or contacted by counsel for any

19  party in connection with the mediation or preparation for trial of this case;

20         iii.     Persons who are being examined by counsel at a deposition, with respect

21  to information produced by that person or, in the case of an individual, that person's current

22  employer; and

23         iv.     Court personnel, including stenographic reporters engaged in proceedings

24  necessarily incident to any pre-trial proceedings.

25  b.     Before counsel for any party discloses any Attorneys' Eyes Only Material to any person

26  pursuant to subparagraphs ii-iv of this paragraph, counsel shall provide the person to whom the

27  disclosure is to be made with a copy of this Protective Order, advise the person of the substance

28                                        -7-

1  of this Order and the possible penalties for violating this Order, and advise that person that they

2  are bound by this Order.  All persons who obtain Attorneys' Eyes Only Information pursuant to

3  this paragraph shall be prohibited from disclosing any Attorneys' Eyes Only Information to

4  anyone except as permitted by further order of this Court or written agreement of all counsel.

5  Except as provided above, the persons described in Paragraphs (ii) through (iv) shall have access

6  to Attorneys' Eyes Only Information only after having been made aware of the provisions of this

7  Order and having acknowledged their assent to be bound by executing and delivering a copy of

8  the "Confidentiality Agreement" (attached as Exhibit A to this Order), or so stating under oath

9  and on the record.

10  **5.      PRESENTATION OF MATERIAL TO COURT.**

11        a.      If Confidential Material, including any portion of a deposition transcript

12  designated as Confidential or Attorneys' Eyes Only, is included in any papers to be filed in court,

13  such papers shall be labeled as "Confidential—Subject to Court Order" and filed under seal in a

14  sealed envelope (or other appropriate sealed container) until further order of this Court. PER LOCAL RULE 79-5

15        b.      In the event that any Confidential Material is used in any court proceedings in this

16  action, it shall not lose its confidential status through such use, and the party using such shall

17  take all reasonable steps to maintain its confidentiality during such use.

18  **6.      CHALLENGING A DESIGNATION OF CONFIDENTIALITY or ATTORNEYS'**

19  **EYES ONLY**

20        a.      A party shall not be obligated to challenge the propriety of a Confidential or

21  Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a

22  subsequent challenge thereto.  The designation or failure to designate material as

23  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be determinative of that

24  material's status as information suitable for protection from disclosure.

25        b.      All challenges to the propriety of a confidentiality designation of a document,

26  page, or transcript, or a portion of a document, page or transcript shall be first made in writing by

27  a letter or other document identifying the specific material challenged.  The party challenging

28                                    -8-

Case No. C-07-5239-SI

**STIPULATED PROTECTIVE ORDER**

1    such designation shall serve on all other parties a captioned Notice of Objection, which shall

2    identify with particularity the designated materials as to which the designation is challenged and

3    state the basis for each challenge ("Notice of Objection"). In the Notice of Objection, each

4    challenged document shall be identified individually. Within fourteen (14) days of such a

5    challenge, the designating party shall substantiate the basis for such designation in writing to the

6    other party, or forever waive the protection of this Order with respect to the challenged

7    information.

8        c.    If the confidentiality of any material is challenged, the parties shall try first to

9    resolve such dispute in good faith on an informal basis. If informal resolution is not possible, the

10   party asserting confidentiality of the document or the designation of such documents shall bring

11   a motion before the court no later than 30 days from the service date of the Notice of Objection,

12   to have the document designated as Confidential or Attorneys' Eyes Only Material, with notice

13   to all parties and upon a showing of good cause. "Good cause" shall refer, *inter alia*, to

14   appropriate grounds for claiming and establishing an applicable privilege under federal and

15   California law or other reason(s) why the confidential information should be so designated. In

16   the event that a party serves a Notice of Objection under this paragraph, all parties shall continue

17   to treat the information or materials in question as confidential in accordance with the

18   designation until such time as the parties agree to a resolution of the challenged designation, or

19   the Court has ruled on the motion.

20       d.    This Order shall be without the prejudice to the right of the parties to present a

21   motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order

22   as to any particular document or information, including restrictions differing from those as

23   specified herein. This order shall not be deemed to prejudice the parties in any way in any future

24   application for modification of this Order.

25   **7.    APPLICABILITY OF THIS PROTECTIVE ORDER.**

26       **a.**    This order shall apply to all pre-trial activity in this matter, including, but not

27   necessarily limited to, discovery, mediation, conditional class certification, class certification,

28                                              -9-

**STIPULATED PROTECTIVE ORDER**

consultation with consultants or experts, preparation for trial and/or settlement of this case. The parties anticipate that they will negotiate and prepare a new Stipulated Protective Order to define the parameters for use of Confidential and Attorneys' Eyes Only documents and information to be used in the trial and post-trial proceedings in this matter.

**8.    MISCELLANEOUS PROVISIONS.**

a.    This order shall survive the final termination of this action to the extent that the Confidential or Attorneys' Eyes Only Material is not, and does not, become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, and upon request of the designating party, counsel for the parties shall assemble all documents, materials and deposition transcripts designated as Confidential or Attorneys' Eyes Only and all copies of same, and shall either deliver such Materials to opposing counsel or destroy such Materials. The designating party shall be entitled to receive, upon request, a declaration signed by the delivering/destroying party setting forth that any and all such Confidential Materials have been delivered and/or destroyed. Notwithstanding the forgoing, counsel may retain one complete file of the litigation, including documents and deposition transcripts designated as confidential and including work product, notes, memoranda and correspondence containing such information, *provided, however*, that the Material is maintained in accordance with paragraphs 3 and 4, above.

b.    In the event the Court does not approve this stipulation, all Confidential or Attorneys' Eyes Only Material previously produced shall be immediately returned to the producing party, unless the Court orders otherwise or the parties otherwise agree.

c.    Any party receiving a subpoena duces tecum or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of documents, or the disclosure of information designated by another party as confidential and subject to this Order, shall notify the designating party in writing of receipt of the process or order within three business days of the receipt thereof, and shall not produce the

-10-

**STIPULATED PROTECTIVE ORDER**

1    information until the designating party has had reasonable time to object or take other

2    appropriate steps to protect the information.

3        d.    This Protective Order is subject to further order of the Court and may be modified

4    if deemed appropriate and necessary by the Court.  Plaintiff, defendants and their respective

5    counsel hereby consent to the making of any entry of the foregoing Order.

6        e.    This stipulation may be executed in counterparts.

7        IT IS SO STIPULATED.

8    DATED:  July 2, 2008

9

10   /s Matthew H. Morgan
     Matthew H. Morgan
11   NICHOLS KASTER & ANDERSON LLP
     Attorney for Plaintiffs
12

13   /s Harold A. Bridges
     Harold A. Bridges
14   BRIDGES & BRIDGES
     Attorney for Defendants Advantage Sales &
15   Marketing, Inc., Advantage Sales & Marketing LLC
     and Retail Store Services LLC
16

17   /s Frank Cronin
     Frank Cronin
18   SNELL & WILMER
     Attorney for Defendant KSRSS, Inc.
19

20       The above Stipulated Protective Order is approved by the Court.

21

22       **IT IS SO ORDERED**

23

24   DATED: _____    _____
                                HONORABLE SUSAN ILLSTON
25                              United States District Judge

26

27

28                                    -11-
     Case No. C-07-5239-SI

                          **STIPULATED PROTECTIVE ORDER**

**"EXHIBIT A"**

**CONFIDENTIALITY AGREEMENT**

I, _____, do solemnly swear that I am fully aware with the terms of the Stipulated Protective Order entered in <u>Jennifer Meade v. Advantage Sales & Marketing, LLC, Advantage Sales & Marketing, Inc., Retail Store Services, LLC, and KSRSS, Inc.</u>, United States District Court for the Northern District of California, Civil Action No. C-07-5239-SI, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this Order.

DATED:         _____

SIGNED:        _____

-12-

**STIPULATED PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

**Meade, et al. v. Retail Store Service, LLC, et al.**

**Case No. C-07-5239-SI**

I hereby certify that on July 7, 2008, I caused the following document: **STIPULATED PROTECTIVE ORDER** to be served via ECF to the following:

Nicholas Kaster & Anderson, LLP

   Matthew C. Helland - Helland@nka.com

   Paul J. Lukas – Lukas@nka.com

   Matthew H. Morgan – Morgan@nka.com

   Donald H. Nichols – Nichols@nka.com

Snell & Wilmer

   Frank Cronin – fcronin@swlaw.com


DATED:  July 7, 2008                              BRIDGES & BRIDGES


                                                 By:   s/Harold A. Bridges
                                                 HAROLD A. BRIDGES
                                                 Attorneys for Defendants ADVANTAGE
                                                 SALES & MARKETING INC.,
                                                 ADVANTAGE SALES & MARKETING
                                                 LLC, and RETAIL STORE SERVICES LLC

-1-

**PROOF OF SERVICE VIA ECF**